## Levi Meriam *et al. versus* John S. Rundlett *et al.*

A judgment against one as garnishee in a process of foreign attachment in another State, is not a bar to an action against him in this State by the principal defendant, if the garnishee has not satisfied and may not be obliged to satisfy the judgment ; but the judgment may be a good ground for an abatement or a stay of the proceedings.

Assumpsit by the indorsees against the makers of a promissory note for 379·74, dated at St. Louis, Missouri, July 21, 1830, payable in four months from date, to the order

of Belden & Olmstead, and indorsed by Belden & Olmstead, Savage & Bostwick, Oliver Hudson, and Johnson & Davenport, in the order in which they are here named. Rundlett and Randolph, the defendants, resided in St. Louis.

The defendants pleaded, among other things, that the note was given to Oliver Hudson, partly for goods of Hudson purchased by them at auction, and partly in satisfaction of a precedent debt due from them to Hudson; that on August 14, 1830, William Hill and George K. M'Gunnegle commenced an action against Hudson in the Circuit Court for the county of St. Louis, which court had jurisdiction of the cause, for the recovery of the sum of $ 950 due to them upon his promissory note; that in that action the present defendants were summoned as garnishees, and any debt due from them to Hudson, and all lands, goods, moneys, credits and effects of Hudson in their hands attached; that Hill and M'Gunnegle recovered judgment against Hudson for $ 1007·79 and costs of suit; that Rundlett and Randolph disclosed, that they had not in their hands any property of Hudson, and that they were not indebted to him, but that they had given the note in question, and that this note had been indorsed to Meriam and Brigham, who had commenced this action upon it in January 1831, and that this action was still pending; that upon these disclosures of Rundlett and Randolph, it was adjudged that Hill and M'Gunnegle recover of them as garnishees, the sum of $ 379·74, on account of this note, and according to the laws of the State of Missouri in such case provided; that on December 26, 1831, an execution was issued on this judgment and delivered to the sheriff of the county of St. Louis, commanding him, that of the goods and chattels, lands and tenements of Rundlett and Randolph, he cause to be made the sum of $ 379·94, and for want thereof that he take their bodies, that they might be had before the court, on March 4, 1832, at which time the execution was returnable; all which proceedings appear by the record &c., which judgment still remains in full force and unreversed.

Meriam having deceased since this action was commenced, Brigham, the surviving plaintiff, craved oyer of a copy of

the record above mentioned ; and upon oyer it appeared, that several persons, beside Rundlett and Randolph, had been summoned as garnishees ; that Brigham, being permitted to interplead, had alleged that a negotiable note given to Hudson by R. L. Keen, J. H. Page and J. S. Keen, three of the persons summoned as garnishees, and which was referred to in their answers, had, before it became due, been negotiated, for its full value, in the course of business, to Meriam and Brigham, who then had no notice of the suit of Hill and M'Gunnegle ; and that judgment was rendered, that Hill and M'Gunnegle recover against Ackley, Rundlett and Randolph, Keen, Page and Keen, as garnishees, divers sums, amounting in the whole to $ 2103·80.

After oyer, the plaintiff Brigham demurred, assigning the following causes ; —

1. That it does not appear from the plea, that Rundlett and Randolph have ever paid any thing on account of the judgment recovered against them as garnishees, nor that they were liable to pay the same when the plea was pleaded : —

2. That the facts set forth in the plea are only a ground for a continuance, and not for a plea in bar, until Rundlett and Randolph have paid the money on the judgment against them as garnishees : —

3. That it appears from the record, that Hill and M'Gunnegle recovered judgment against Hudson for $ 1007·79, and against Ackley, R. L. Keen, Page and S. L. Keen, as garnishees, divers sums, making together $ 1724·06 ; and the plea does not show whether Ackley, R. L. Keen, Page and S. L. Keen, or either of them, have or have not paid any part of the judgment recovered against them as garnishees.

*Sewall* supported the demurrer. He contended that a foreign attachment creates a lien merely ; that an adjudication, that the person summoned as garnishee is indebted to the principal debtor, does not change the lien into a debt due from the garnishee to the attaching creditor, and that in the present case, not only a judgment, but an execution and a payment thereon by the defendants as garnishees, were necessary to constitute a bar to the action. *Roberthon* v. *Norroy King at Arms*, 1 Dyer, 83 *a* · 7 Vin. Abr. 235.

*[margin:]* Meriam
v
Rundlett.

*March 12th*

Meriam
v.
Rundlett.

236, *Customs of London, L*; Ashley on Attachment, 81 ; Sergeant on Attachment, 110, 111, 232, 268 ; Bohun's Privil. Lond. 256, 257, 259, 260, [296,] 289 ; *Wise* v. *Hilton*, 4 Greenl. 435 ; *Myers* v. *Urich*, 1 Binn. 25 ; *Seaver* v. *Bradley*, 6 Greenl. 60 ; *Robeson* v. *Carpenter*, 19 Martin, 30 ; *Flower* v. *Parker*, 3 Mason, 247 ; *St.* 1794, *c.* 65, § 8 ; *Foster* v. *Jones*, 15 Mass. R. 186 ; *Cutler* v. *Baker*, 2 Day, 498 ; *Embree* v. *Hanna*, 5 Johns. R. 101 ; *Spink* v. *Tenant*, 1 Rol. Rep. 105 ; *Huxham* v. *Smith*, 2 Campb. 21.

To the point, that the pendency of the foreign attachment in Missouri was only a ground for a continuance, he cited *Winthrop* v. *Carlton*, 8 Mass. R. 456.

If the pendency of a foreign attachment can under any circumstances be pleaded in bar, it cannot be so pleaded where there are other garnishees charged for more than the amount due from the principal debtor to the attaching creditor.

The statute of Missouri on which the defendants rely, is not set forth in their plea, and it is therefore impossible for the Court to determine what effect should be given to the judgment. And this is fatal upon general demurrer. *Collett* v. *Keith*, 2 East, 260 ; *Hempstead* v. *Reed*, 6 Connect. R. 481 ; *Walker* v. *Maxwell*, 1 Mass. R. 104.

*B. Sumner*, for the defendants. The judgment in Missouri is entitled to full faith and credit, as it appears by the record that the court there had jurisdiction of the person and of the subject matter ; *Mills* v. *Duryee*, 7 Cranch, 481 ; *Armstrong* v. *Carson's Executors*, 2 Dallas, 302 ; *Hampton* v. *M'Connel*, 3 Wheat. 234 ; *Bissell* v. *Briggs*, 9 Mass. R. 462 ; *Hall* v. *Williams*, 6 Pick. 232. That judgment, without an execution, is a good bar to this action, for the defence rests, not on a payment, but on the predicament in which the judgment places the garnishee ; *Perkins* v. *Parker*, 1 Mass. R. 117 ; *Hull* v. *Blake*, 13 Mass. R. 153 ; and the fact of other garnishees being charged, does not rescue the defendants from peril.

*Fletcher*, in reply, was stopped by the court.

March 18th.    SHAW C. J. delivered the opinion of the Court. This is assumpsit by the indorsees against the promisors on a promissory note given at St. Louis in the State of Missouri. The

defendants plead in bar, that after the making of the note, which was given to one Oliver Hudson, upon a purchase at auction of the goods of Hudson, and in satisfaction of a precedent debt to Hudson, by Rundlett and his partner Randolph jointly, they were attached as the garnishees of said Hudson, and upon a disclosure of the circumstances under which this note was given, they were adjudged liable as such garnishees, to Hill and M'Gunnegle, the plaintiffs in that suit. It is not alleged that they have paid over any thing, in pursuance of the judgment in that suit, nor is the law of Missouri set out to such an extent as to enable the Court to determine what is the effect of such a judgment in that State. On oyer the judgment and proceedings are set out at length in the replication. The proceedings are detailed so far as to show, that John S. Rundlett for the firm of Rundlett and Randolph, garnishees in the case, having in his answer admitted that they were indebted to said Oliver Hudson in the sum of $379·74, it was considered, that the plaintiffs recover against said Rundlett and Randolph, garnishees as aforesaid, the said sum &c. To this plea, there is a demurrer and several causes are assigned.

It has been very well settled in this commonwealth, that a judgment against a garnishee in another State, where the Court has jurisdiction of the person and of the subject matter, will protect one here, who has been obliged to pay or is compellable to pay, in pursuance of such judgment, although it be a debt due on the promissory note or other negotiable security, although no such judgment would have been rendered against a garnishee or trustee under our laws, and although such law appears to us a little unreasonable. *Hull* v. *Blake*, 13 Mass. R. 153.

He who pays under the judgment of a tribunal having legal jurisdiction to decide, and adequate power over the person or property, to compel obedience to its decisions, has an indisputable claim to protection. But upon general principles, one who has not yet been compelled to pay, and who may never be obliged to pay to another, who has attached the debt in his hands, although he may have good right to insist that proceedings ought not to be commenced or pros-

*Meriam*
*v.*
*Rundlett.*

Meriam
*v.*
Rundlett.

ecuted against him, whilst his hands are tied, and he is legally prohibited from paying his debt, and so may have good ground for an abatement or stay of proceedings, seems in no condition to deny the plaintiff's right to recover his debt, absolutely and forever.

Without at present considering the cases cited in the argument, as having been decided under the trustee law of this commonwealth, which appear to have turned upon the particular phraseology of the statute, and seem to have a contrary bearing, and which may deserve more consideration should the same question arise on our statute, it is manifest that when a defendant relies upon the law of another State and the judicial proceedings under it, it must depend entirely upon the law of such State, to determine the nature and effect of such proceedings. There is no magic in the word " judgment " or " execution " ; it is the provisions of law, which give them life and efficacy, and determine their character and effect.

In examining the record of the judgment, as set out in the replication, it does not appear, that any execution has ever been awarded. But it does appear, that the whole debt due to the plaintiffs in that suit as settled by the judgment, was $ 1007·79, with costs, and that other garnishees were charged in precisely the same terms with the defendants in several sums, which, together with the judgment against the defendant, made upwards of $ 2100, that is, more than double the amount. It is impossible therefore to consider, that these debts became absolutely transferred and made debts due from the garnishees to the attaching creditor ; the more rational inference therefore would be, that by the law of that State such judgment is deemed to operate as a sequestration, as a *lien*, making these sums chargeable and liable in the hands of the garnishees to the amount of the attaching creditor's debt and no further. If this is not a just inference, if the effect of this adjudication was absolutely to transfer the debt, to extinguish the relation of debtor and creditor between the garnishee and the original proprietor and present indorser of the note, the law of Missouri giving it that extraordinary effect, should have been set out ; but as it is not done, the plea in bar cannot be supported.

In order however to see whether this was a mere defect in the form of pleading, and whether, if the law of Missouri were fully set out, it would make any difference, we have had recourse to the statute law of the State under which these proceedings were had, passed in 1825. It details particularly the whole course of proceeding. Without giving an analysis of the statute, it will be sufficient to state that it provides, that lands, goods, moneys, credits and effects may be attached, where the defendant is a non-resident, or has absented himself or absconded, so that ordinary process of law cannot be served on him ; that in certain cases a *capias* may issue against the garnishee ; that all the property attached, where practicable, shall be taken into custody by the sheriff, unless the garnishee will give bond to see it forthcoming ; that the defendant not appearing, public notice shall be given ; that the garnishee may be examined on allegations and interrogatories, and shall answer on oath ; that any claimant of any of the property or effects attached, may appear and interplead ; that the defendant may appear and file special bail, in which case, all the attachments shall be dissolved, and the proceedings in relation to the garnishees terminated. But if the defendant does not appear, the damages may be liquidated by a jury or by the court, and judgment shall be entered for the amount, as in other cases ; provided however that such judgment shall bind only the property attached, and shall have no other effect, even as evidence of debt between the parties. It further provides, that no execution shall issue, till the plaintiff has given bond in double the amount, to refund, if the debtor shall appear within three years and disprove the debt or any part of it. But the most material provision is the one which provides how execution shall be issued and satisfied. It directs that the execution against the defendant shall be levied upon the lands, goods and effects in the possession and custody of the sheriff, and such as may be delivered to him by any garnishee ; and the execution against the garnishee *or so much thereof as shall not be discharged* by delivery of goods &c. of the defendant, shall be levied as other executions. It directs the sheriff to make sale of the property levied, as in other cases, except that he

Meriam
*v.*
Rundlett.

shall sell the property of the defendant first, and if the proceeds of that shall be sufficient to satisfy the debt and costs, *the execution* against the garnishee shall be returned *and discharged as satisfied.* If insufficient, then the balance is to be levied on the execution against the garnishee ; and satisfaction of the execution against the defendant, and payment of costs on the others, shall be a satisfaction of the whole.

From this view of the statute laws of Missouri, under which, it is very obvious, these proceedings took place, it is manifest that the judgment against the garnishees amounts to nothing more than a *lien* on the fund in their hands, and even that is a provisional one, to take effect only in case that other funds which are first chargeable, shall prove insufficient. The Court are therefore of opinion, that notwithstanding the judgment, until an execution has been awarded, and the garnishee has been called on and compelled to pay, it is not such a payment, merger or discharge of the original debt, as to be pleaded in bar, and therefore, that the plea in this case, not stating either payment or execution awarded, is bad.