## ALFRED BARROW et al. versus NATHANIEL WEST Junior.

The judgment of a foreign court in a process of foreign attachment is conclusive as to all matters of right and title to property within its jurisdiction, decided by such court.

Where the cargo of a vessel consigned to the master, was, with the bill of lading, as signed by the owner, in trust for the benefit of his creditors, while the vessel was at sea, and the master, upon his arrival at the port of destination, delivered the cargo and the bill of lading, without indorsing it, to the plaintiffs, who disposed of the cargo, and received the proceeds and applied the same to the payment of a balance in account in their favor against the owner, and the assignees recovered judgment against them therefor, by default, it was *held*, that if the plaintiffs had any lien on the proceeds of the cargo, they were not bound to set it up in defence to such action, and that they were entitled to recover against the owner the amount paid over by them to his assignees, under the judgment

ASSUMPSIT to recover a balance of accounts.

By an agreed statement of facts it appeared, that in 1829 the plaintiffs were merchants doing business in Antwerp, and the defendant was a merchant residing in Salem ; that the parties had had commercial dealings with each other for several years previous to that time, the defendant consigning goods to the plaintiffs for sales and returns, and the plaintiffs accepting his drafts ; that in July 1829, the balance of accounts in favor of the plaintiffs was $ 11,284·12 exclusive of interest ; that on the 8th of May, 1829, the defendant, being the owner of the brig Cambridge and her cargo, then on a voyage to ·St. Jago de Cuba and Europe, failed in business and assigned his property to Merrill and Upton, in trust for the benefit of his creditors ; that the bill of lading of the outward cargo and also that of the cargo to Europe, were assigned by the defendant to Merrill and Upton, the former on the 9th of May, 1829, and the latter on the 5th of August, 1829, without being indorsed by the master of the Cambridge, to whom she was consigned ; that the brig arrived at Antwerp on the 8th of August, 1829, and the master delivered the cargo and a bill of lading to the plaintiffs, he having been directed so to do by the defendant, in case he should go to Antwerp ; that the plaintiffs disposed of the cargo, received the proceeds, collected about the sum of $ 3200 for freight, and passed the whole to the credit of the

defendant ; and that upon a statement of their account with
the defendant by the plaintiffs, it appeared that there was a
balance of $ 3343·96, due to the defendant.

Barrow
v.
West.

It further appeared, that on the 22d of August, 1829, the
balance in the hands of the plaintiffs was attached at the suit of
Timothy Wiggin of London, who had a demand against the
defendant, in which suit judgment was recovered against the
defendant, and the plaintiffs adjudged his trustees in the sum
of $ 3343·96 ; and that this sum was paid to the court at Ant-
werp by the plaintiffs, on the 23d of August, 1830 ; that on
the 11th of November, 1829, the assignees of the defendant
commenced an action against the present plaintiffs for the pro-
ceeds of the freight and cargo of the Cambridge, and, on the
26th of May, 1831, recovered judgment by default against
them for the sum of $ 2500, which sum was fixed upon by con-
sent of the parties, and was paid over to the assignees ; that
the plaintiffs charged the defendant with the sum of $ 3343·96
paid to Wiggin, and with the sum of $ 2500 paid to the as-
signees of the defendant ; and that the present action was
brought to recover the balance due from the defendant to the
plaintiffs, upon their account stated.

If the plaintiffs were entitled to recover, judgment was to be
rendered in their favor, for such sum as the Court should de-
termine ; otherwise the plaintiffs were to become nonsuit.

*Shillaber*, for the plaintiffs, cited *Peters* v. *Ballistier*,
3 Pick. 495 ; *Gardner* v. *Howland*, 2 Pick. 599 ; *Meriam*
v. *Rundlett*, 13 Pick. 511 ; Story on Confl. of Laws, § 591,
592, 599, 618 ; *Hull* v. *Blake*, 13 Mass. R. 153.

*Sprague* and *Lord*, for the defendant, cited *Conard* v. *At-
lantic Ins. Co.* 1 Peters, 386 ; Abbott on Shipping, (Sto-
ry's ed.) 392, note ; *Lanfear* v. *Sumner*, 17 Mass. R. 110 ;
*Lempriere* v. *Pasley*, 2 T. R. 485 ; *Blake* v. *Williams*,
6 Pick. 286 ; *Ingraham* v. *Geyer*, 13 Mass. R. 146 ; Story
on Bailm. 209.

WILDE J. delivered the opinion of the Court.* This is
an action of assumpsit brought to recover the balance of an
account, two charges in which only are in dispute between the
parties.

*Nev. 7th.*

---

* *Shaw* C. J. and *Putnam* J. did not sit in the case.

The plaintiffs, in stating their account, have debited the defendant with the sum of $ 3343·96, paid by them to Timothy Wiggin of London.   This payment was made in pursuance of a judgment of a court in Antwerp, in a process of foreign attachment, brought by Wiggin against the defendant, and in which the plaintiffs were adjudged his trustees in the amount by them paid, and with which the defendant is now debited. This payment was compulsory.   The court at Antwerp had jurisdiction of the action, and their judgment is conclusive as to all matters of right and title by them decided.   Story on Conflict of Laws, § 592 ; 4 Cowen, 520 ; *Holmes* v. *Remsen*, 20 Johns. R. 229 ; 13 Mass. R. 153.   This decision is conformable to the Code Napoleon, *Art.* 1690, which appears by the evidence to have been in force in the Netherlands.

The only objection to this charge is, that the plaintiffs should not have credited the defendant with the freight and cargo of the brig Cambridge, as the same had been before assigned by the defendant to Merrill and Upton ; and if they had not so credited the defendant, no balance would have been due from them to him.   This objection would have been well founded, if the plaintiffs had, before the judgment, received notice of the assignment.   But they had received no such notice, and were, therefore, clearly liable to be charged as trustees. The objection however, if well founded, is immaterial, for if the amount of the cargo and freight of the brig Cambridge was improperly credited to the defendant, a larger balance would be due to the plaintiffs, than that which is now claimed.

The only remaining question relates to the other item with which the defendant is debited, namely, the sum of $ 2500, paid by the plaintiffs to Merrill and Upton, the defendant's assignees.

This sum was recovered in an action brought by them against the present plaintiffs for the recovery of the proceeds of the cargo and freight of the brig.   The plaintiffs did not defend that suit to final judgment, but were defaulted, and judgment was entered by consent for the sum with which the defendant is now debited.

The defendant's counsel contend, that the payment of this

sum was voluntary, and that the plaintiffs paid it in their own wrong; that the assignees had no right of action against them; that, by the delivery of the cargo by the master to the plaintiffs, they acquired a valid title thereto, although the bill of lading was not by him indorsed; or at least, that they acquired a lien on the property, and had a right to appropriate the proceeds of the sale to the extinguishment of their demand against the defendant; and that, as this appropriation was in fact made, and their demand legally discharged, they were bound to defend the suit against them brought by the assignees, as they lawfully and successfully might have done. On the other hand, the plaintiffs' counsel contend, that they were liable in the suit brought against them by Merrill and Upton; and that, whether they were so liable or not, they were not bound to defend that suit, as the assignment was valid against the defendant.

As to the first point, it is a well established principle, that a sale of a vessel and cargo abroad at the time of the sale, is valid, liable, however, to be set aside by the creditors of the vendor, in case the vendee should neglect to take possession on the return of the vessel, and subject also to any lien which might afterwards be lawfully created by the master of the vessel before notice of the sale. 6 Mass. R. 422; 12 Mass. R. 54; 1 Pick. 389; 2 Pick. 599; 3 Pick. 495; 1 Peters, 386, 445. In the latter case (*Conard* v. *Atlantic Ins. Co.*) it is laid down as a well settled principle, by *Story* J., that although, strictly speaking, no person but the consignee of a cargo can, by an indorsement of the bill of lading, pass the legal title to the goods, yet if the shipper be the owner of the goods, and the shipment be on his own account and risk, he may, by an assignment on the bill of lading, or by a separate instrument, pass the title, and it will be good against all persons, except purchasers for a valuable consideration, without notice, by indorsement of the bill of lading by the consignee; and that such an assignment by the owner passes the legal title against his agents, factors, and creditors, in favor of the assignee. The doctrine thus laid down appears to be supported by the current of the authorities. It does not militate against the case of *Lanfear* v. *Sumner*; for there the goods were not

at sea at the time of the sale, though they were supposed to be so by the parties.

To apply these principles to the present case, it may well be doubted, whether the plaintiffs acquired any lien upon the cargo, which could be set up against the title of the assignees, excepting for the amount for which they were held liable in the process of foreign attachment. The cargo was specially trans ferred to Merrill and Upton by the defendant, for the benefit of his creditors, by an assignment on the bill of lading ; and the bill of lading was not indorsed over to the plaintiffs by the master, who was the consignee. If they had had notice of the assignment at the time of the delivery of the goods, they could have acquired no lien which could be set up against the assign ees. They have suffered nothing for want of notice of the assignment. They have given no new credit to the defendant, nor made any new advances on his account except by the payment to Wiggin ; and for that they are entitled to reimbursement out of the proceeds of the sale of the goods ; so that it seems immaterial, whether they had notice of the assignment before or after the sale.

But it is not material to decide this point ; for if the plaintiffs had any lien on the goods, they had a right to waive it, and were under no obligation to set it up in defence of the action brought against them by the assignees. The question of notice to the plaintiffs, of the assignment, does not affect its validity in respect to the defendant. He cannot dispute the validity of his own assignment. The property assigned constituted a fund for the benefit of the defendant's creditors ; and if he, by contending with the plaintiffs, could have withdrawn any part of the fund from the trust, it would operate very much like a fraud upon his creditors. The assignment was equivalent to an express order of the defendant on the plaintiffs to pay over to the assignees the proceeds of the property assigned. We think therefore the plaintiffs are entitled to recover the amount paid by them to the assignees, with interest from the time of payment.

*Judgment for the p'aintiffs.*