Parker, C. J.,
delivered the opinion of the Court. The defence set up against the notes, which are the subject of this action, is contained in the first plea in bar ; the second plea being unquestionably bad, it merely showing that a process, in the nature of an action, had been prosecuted by the present plaintiff upon the same notes, in the State of Georgia, which was afterwards discontinued. The question presented, then, is, whether the facts contained in the first plea are a good bar to the action.
The plea alleges in substance, that the defendant, who was the promissor in the notes sued, has been summoned as the garnishee or trustee of Billings, the promissee, in the State of Georgia; that, by a court of that State which had jurisdiction of the process, upon a disclosure by the defendant that he had made the notes to Billings, *129 which are the subject of the present suit, judgment was rendered * against him as the trustee of Billings, at the suit of one of his creditors in Georgia; and that the same judgment still remains in force against him.
Upon an examination of a transcript of the record of that process, it appears that such judgment was rendered, although it was stated in the disclosure, that the notes were negotiable.
Is this a good bar to the suit of the plaintiff, who is a bona fide indorsee of the notes, having acquired his title before the commencement of the process in Georgia by which the defendant attempts to discharge himself ?
The plaintiff, although his contract with Billings, his indorser, was made in the State of Rhode Island, and so probably subject to the laws of that State, must be considered as having purchased a security which was subject, for its construction and its legal qualities and character, to the law of Georgia ; it being a well settled principle, that the law of the place where a contract is made is to govern in ;ts construction, and that, by the law of the same place, it may be avoided and defeated. The notes were dated at Jlugusta, in the State of Georgia; and the plaintiff, when taking them as his property, must be presumed to have known that they were made with reference to the laws of that State.
If, then, by the laws of the State of Georgia in force when these notes were given, they might be discharged by a payment to the original promissee after they were indorsed, and such a payment had been actually made, proof of these facts would secure the defendant from a second payment, although it should be demanded by an indorsee, who had paid a valuable consideration, and who must, in such case, be considered as relying upon his indorser, if he should fail of recovering the amount from the promissor. A law providing that any creditor of the promissee may compel the promissor to pay the debt to him, notwithstanding the evidence of its negotiable quality, and that it may have been actually negotiated, would have the same effect.
* Such a provision would be extraordinary, and contrary to the effect generally given to negotiable securities in any mercantile country ; but, if the law be so, it must have its operation upon the contract, wherever it may be sued ; because the laws of the place where the contract is made necessarily make a part of the contract, and are understood as its governing principle.
The question, then, in the present case, would seem to be, whether such was the law of Georgia with respect to a negotiable promissory note, at the time this contract was made. That it was, the evidence resulting from the judgment of the Court of that State, which had the jurisdiction of the subject matter, is perhaps conclusive. Al *130 least it ought to be so considered in favor of a party, who has been there concluded by it, and has no means of avoiding the execution of it; unless it should be made to appear that he aided in the procurement of such a judgment, by withholding facts essential to the right determination of the Court. In this case a true disclosure appears to have been made ; and, although the law of this State would not authorize a similar judgment upon similar facts, the law of Georgia may be different, and must be presumed to be so, because a Judicial Court of that State, of competent jurisdiction, has so declared it.
It is true, there are higher tribunals in the State, to which the present defendant might have resorted ; but we do not think that he was obliged to do so. It was enough for him to present to the Court a true state of his relation to Billings, his creditor ; and he might safely acquiesce in the decision of that tribunal to which the laws of the State had given authority over the subject. If he had collusively submitted to a judgment which by law could not have been recovered against him, he could derive no advantage under it if the other party should put in issue the collusion ; and, upon such issue, the failure to appeal might, under some circumstances, be sufficient evidence of the collusion. In this case no collusion is alleged against the * judgment, and the presumption must be that it was fairly rendered ; so that the defendant is under legal obligation to pay the debt to the creditor of Billings.
It has been settled, that a judgment thus rendered will protect the judgment debtor, as much as if he had actually satisfied the judgment ; although the want of satisfaction might be another material fact, in the trial of the issue whether the judgment was collusive or not.
The result is, that the defendant’s pleas in bar are good and sufficient, for so much as the sum which the defendant is bound to pay to Fisk, the judgment creditor in Georgia. For the residue the plaintiff is to take judgment as by the agreement of the parties.