WASHINGTON,
*March,*
1843.

Baylies
*v.*
Trustees of
Houghton
& Co.

HORATIO N. BAYLIES *v.* JAMES HOUGHTON & Co. principal debtors, and DODGE & KEITH and CHARLES SPALDING, Trustees.

A promissory note, executed in, and made payable to citizens of, the state of Massachusetts, although the maker reside in this state, is not subject to our trustee process, it being, by the law of the place of contract, exempt from such process.

TRUSTEE PROCESS against Dodge & Keith and C. Spalding, who were sued as trustees of James Houghton & Co. of Boston, in the state of Massachusetts. In the county court, Dodge & Keith made their disclosure in writing, setting forth, that, at Boston aforesaid, on the 17th September, 1841, they executed their promissory note for $357.64, made payable to the said Houghton & Co. or order, in six months from date ; and that on the 19th of April, 1842, at said Boston, they executed another promissory note for $127.20, made payable in six months from date, to said Houghton & Co. or their order, which notes remained unpaid.

And the said Charles Spalding in like manner disclosed, that, on the 15th September, 1841, at said Boston he executed his note payable to said Houghton & Co. or their order, for $410.07, in six months from date ; and on the 16th of April, 1842, executed another note payable in the like manner and time, for $158.71, which notes remained unpaid.

Upon these disclosures, the court decided that the said Dodge & Keith, and Charles Spalding were not liable, as trustees, and rendered judgment for them to recover their costs, to which decision the plaintiff excepted.

*H. W. Heaton* and *C. Reed,* for plaintiff.

I. The authorities are uniform, that debts due the residents in a foreign jurisdiction can be attached and holden by trustee process in favor of creditors ; and that the payments of the debtor under the judgments in such trustee suits are, in all jurisdictions, admitted as a defence, *pro tanto. Bissell* v. *Briggs,* 9 Mass. R. 462; Story's Con. of Laws, § 450 ; *Embree & Collins* v. *Hanna,* 5 Johns. R. 101 ; *Holmes* v. *Remsen,* 20 Johns. R. 229 ; S. C. 4 Johns. Ch. R. 467 ;

*Hull* v. *Blake*, 13 Mass. R. 153 ; *Merriam* v. *Rundlett*, 13 Pick. R. 511 ; *McDaniel* v. *Hughes*, 3 East, 367 ; *Le Chevelier* v. *Lynch*, 1 Doug. R. 170 ; *Barrow* v. *West*, 23 Pick. R. 270 ; *et passim.*

WASHINGTON,
*March,*
1843.

Baylies
*v.*
Trustees of
Houghton
& Co.

In proceedings *in rem*, the judgment is of universal obligation, and proceedings by way of attachment of debts in favor of creditors are entitled to the same consideration. Story's Con. of Laws, § 592, and cases cited. And debts, with respect to the liability of the debtor, follow him, and are subject to the jurisdiction of the law of his domicil, where process must be brought to enforce the contract. *Blake* v. *Williams*, 6 Pick. R. 286. The *locus rei sitæ* of debts with reference to creditors, is the locality of the debtor. 2 Kent's Com. 406.

That a judgment obtained in one jurisdiction against a principal debtor, resident in another, without legal service upon the principal debtor, cannot be enforced in the courts of the foreign jurisdiction against him, we well understand ; but insist that it is a defence to the trustees who have been compelled to make payment by the judgment. Chief Justice Parsons sets forth this distinction in *Bissell* v. *Briggs*.

II. The courts of Massachusetts, where the notes were given, have admitted, as a defence, proceedings under statutes like our own, making negotiable paper trusteeable, and though the notes were endorsed before due. *Hull* v. *Blake*, 13 Mass. R. 153 ; *Merriam* v. *Rundlett*, 13 Pick. R. 511. It may be attempted to distinguish the present case from these. It is different, first, in that there has been no legal service on the principal defendants. And there was none in the trustee process sustained in *Barrow* v. *West*, 23 Pick. R. ; *Blake* v. *Williams*, 6 Pick. R. ; *Embree & Collins* v. *Hanna*, 5 Johns. R., and in other cases. There is this further distinction, that these notes were made in Massachusetts, and not where they are attached by trustee process ; whence it may be inferred that they cannot be discharged, except by the law of the place where made, according to the doctrine found in Story's Con. of Laws, § 335 and 342. This doctrine is held in reference to discharges by bankrupt laws, &c., without payment for the benefit of the promisee. The cases that may be cited are no precedents for this, in which, by a judgment for the plaintiff, the notes would be paid for the

WASHINGTON,
*March,*
1843.

Baylies
*v.*
Trustees of
Houghton
& Co.

benefit of the promisees. The notes are payable every‑ where; (8 Pick. R. 197) and a payment in Vermont should be good everywhere.

III. At the time of disclosure, all the notes were overdue, and it is to be presumed no notice of indorsement had been received, except that disclosed. If the notes had been en‑ dorsed, notice would have been given by the new holders to the makers, by a demand according to the law-merchant. All these notes, then, but one, were in the hands of the payees and overdue at the time of disclosure. And negotia‑ ble paper, overdue, stands upon the same footing as other *choses in action.* If any debt can be attached that is due a resident of Massachusetts, this can. *Hinsdill* v. *Safford*, 11 Vt. R. 309; *Hutchins* v. *Evans*, 13 Vt. R. 541.

IV. It is a well established rule of policy and practice for courts to prefer the interests of their own citizens. Story's Con. of Laws, § 28. Resident creditors, attaching by trus‑ tee process are, throughout the United States, preferred to foreign assignees in bankruptcy, whether the assignment be voluntary or by operation of law. *Ingraham* v. *Geyer*, 13 Mass. R. 146; *Ogden* v. *Sanders*, 12 Wheat. R.; 15 Pick. R. 11; 5 Greenl. R. 245, *et passim.* The principal debt‑ ors having become insolvent, the resident creditors should be preferred. It would be absurd to extend the comity of law so far as to secure to foreign holders the contents of their notes, when under the same circumstances residents would lose them. By the well known exception to the rule of comity, the laws of a foreign state should not be admitted, if injurious to ourselves. *Prentiss* v. *Savage*, 13 Mass. R. 24. No state of the Union has committed such an act of in‑ justice to its own citizens as to send abroad property of insol‑ vents found within its jurisdiction, when there were resident creditors. 2 Kent's Com. 406–7.

Whatever may be the policy and laws of other states, this state should enforce and vindicate her own, by which the notes disclosed are clearly attachable. This state alone has jurisdiction of the persons of the trustees, and to this forum, alone, can the holders of the notes resort to collect them, where the judgment in this case will be a bar. The legislature would have exempted foreign holders from the general provisions of the statute of 1841, had it not been

WASHINGTON,
*March,*
1843.

Baylies
*v.*
Trustees
of Houghton
& Co.

the intention to extend it to all cases alike. And if the act, being constitutional, results in a conflict of laws, legislation alone should remove the difficulty. *Penniman* v. *Meigs,* 9 Johns. R. 325 ; 1 Gall. R. 168—*de conflictu legum.*

*N. Kinsman & A. Spalding,* for trustees.

The law of the place where the contract is made must govern the construction of the contract, and that whether the parties to the contract are inhabitants of that place or not. This rule is founded upon the presumption of law that the parties to a contract are conusant of the laws of the country where the contract is made. Negotiable paper is governed by the same principles. Wherever the contract between the particular parties is made, the law of the place will operate as well in respect to the discharge as to the obligation thereof. Story on Conflict of Laws, 199, 219, 282, 283 ; 13 Mass. R. 5 and 153 ; 16 Mass. 304 ; and it is enacted by the 12th section of the statute of Massachusetts, " that no person shall be considered or adjudged to be a trustee, within the intent and meaning of that act, by reason, or on account of, his having made, given, indorsed, negotiated or accepted, any negotiable security whatever." Hence if the *lex loci* governs in the discharge, as well as in the construction, the trustees cannot be held liable for the notes in question. They were negotiable, and made in Boston, payable to the defendants, living in Boston, and must be governed by the law of Massachusetts. If payable every where, they are governed by the law of the place where made, for the plain reason that they cannot be said to have the law in any other place in contemplation to govern them. Story's Conflict of Laws, 264.

The trustees insist that they ought to be discharged, inasmuch as a judgment against them here would not be a bar to an action on the notes in question in the state where the notes were made and payable, for the statute in that state exempts negotiable notes from the liability of the trustee process ; and it would be manifestly unjust to place the trustees in a condition in which they may be twice charged for the same credits. The credit, therefore, liable to this attachment, must be so situated that, if it be taken by the attaching creditor, the trustee may legally defend himself when called on by the principal, and, in this case, a judg-

WASHINGTON,
March,
1843.

Baylies
v.
Trustees
of Houghton
& Co.
ment against the trustees, would not be conclusive against the principal debtor. Story on Conflict of Laws, 492, 501, 508. In order to found a proper ground of recognition of any foreign judgment in another country, it is indispensable that the court pronouncing judgment should have a lawful jurisdiction over the cause, over the thing, and over the parties. If the jurisdiction fails as to either, it is treated as a mere nullity, having no obligation, and entitled to no respect beyond the domestic tribunal, and this is equally true, whether the proceedings be *in rem*, or *in personam*, or *in rem* and also *in personam*. Story on Conflict of Laws, 492, 449, 458; 9 Mass. R. 462.

The opinion of the court was delivered by

REDFIELD, J. — It seems now to be an acknowledged principle of the law of foreign attachment, that a payment made under such proceeding will protect the garnishee, unless the court acted without jurisdiction, although there are some early cases to the contrary of this even. The jurisdiction of the debt to some extent depends upon the domicil of the debtor, so that the court may be considered, in one sense, as having jurisdiction of this debt, perhaps; and should we render judgment here that the trustee is liable, it is probable the courts of Massachusetts might consider it a defence to the notes, *when sued there in the names of the principal defendants.*

But it is obvious, that in proceeding to render such judgment, we should violate the obvious principles of justice, in regard to the construction of contracts; and so far as any person is concerned, into whose hands such notes may have come, or shall hereafter come, by assignment, any judgment we should here render could not, either in equity, or at law, be considered strictly any defence to the trustees, who should be compelled to pay the money under such judgment. This consideration of itself is sufficient reason why we could not proceed to render any such judgment.

The indebtedness of the trustees is by way of negotiable promissory notes, executed at Boston, payable to the principal defendants, or their order, and by intendment of law, payable at Boston. The place of contract is, therefore, at Boston. All the incidents of the contract, which concern its force and

WASHINGTON,
March,
1843.

Baylies
*v.*
Trustees
of Houghton
& Co.

validity, or its performance, or discharge, are to be governed by the laws of that place. And this principle of law, by which we refer these incidents of contracts to the law of the place of contract, is now found to have its foundations deeper laid in the eternal principles of justice, than any matter of mere national comity. These incidents are to be governed by the *lex loci contractûs,* not because the sovereignty of the *former,* where the contract is sought to be enforced, happens to be on terms of courtesy and kindness with the sovereignty of the place of contract, but for the higher and more worthy reason, that the parties, in entering into the contract, expected those incidents to be governed by that law, and that only ; and if they are referred to the law of any other place or country, it is not the contract of the parties, but of the court, which is made to speak, and is enforced.

By the law of the state of Massachusetts, negotiable promissory notes, like those now in question, are not liable to attachment by this process. Any one, therefore, to whom these notes have been negotiated, or may hereafter be, will take them with this expectation. They are, in no sense, parties to this proceeding, or bound by it. Our judgment, here, then, must be wholly nugatory so far as they are concerned. We should not be prepared to render a judgment against the trustees, unless that judgment would operate a perfect defence to them everywhere. We could not justly expose them to the hazard of paying their notes twice ; nor, on the other hand, if we felt that the Massachusetts courts would probably regard any judgment we should here render, as a defence, (which is not probable, if the notes were sought to be enforced by a *bona fide* holder) would *we* subject the contract to a law by which *it* was never expected to be governed, and thus defeat the interest of a *bona fide* holder. *Prescott* v. *Hull,* 16 Johns. R.

If this were a contract of a different character, or payable in this state, very likely the propositions urged by the plaintiff's counsel, with so much plausibility, would merit a different consideration. *Hull* v. *Blake,* 13 Mass. R. 153 ; *Embree & Collins* v. *Hanna,* 5 Johns. R. 101.

But as the case now stands, there is no good reason apparent to us, why a promissory note, executed, and to be paid

WASHINGTON, in another state, where its negotiability is, in no sense, liable
March, to be ·affected by trustee process, should here be subject to
1843. that process, and thus be discharged, without regard to the
Day governing law of the contract, any more than such contracts,
v. or any other, could be discharged by a foreign bankrupt law,
Abbott. which it is now well settled cannot be done. Story's Con. of
Laws, 283 ; *Braynard* v. *Marshall*, 8 Pick. 194 ; *Lewis* v.
*Owen*, 6 Eng. C. L. 555 ; *Phillips* v. *Allen*, 15 Eng. C.
L. 269, is a well considered case to the full extent ; *Ogden*
v. *Saunders*, 12 Wheat. 358, so far as the American states
are concerned, establishes the same rule.

Judgment affirmed.