WILLIAM P. EMERSON *v.* W. W. PATRIDGE, *Trustee of* ARTE-
MAS N. JOHNSON; W. J. REYNOLDS & CO., *Claimants.*

*Negotiable paper, by what law governed, and how far subject to the operation of the trustee process.*

The liability of the maker of a promisory note, and the person to whom he is liable, whether the payee, endorsee, or a creditor under an attachment by the trustee process, is to be determined by the laws of the state which determines the obligations of the contract.

A person residing in this state gave to one residing in Massachusetts his negotiable prom-
isory note, which was executed in this state and made payable at one of its banks. The payee endorsed and transferred the note before its maturity to another person residing in Massachusetts. The endorsee gave no notice of the transfer until after the maker was summoned as the trustee of the original payee. *Held,* that the respective rights of the trusteeing creditor and endorsee were to be determined by the laws of this state and not by those of Massachusetts.

A negotiable promisory note, executed and made payable in this state, to a citizen of another state, is subject to, and may be attached and held by the trustee process;—even though, by the laws of the state where the payee resides, such paper is not subject to the opera-
tion of the trustee process, and he transfers it before its maturity, to another citizen of that state, if the endorsee neglects to notify the payor of such transfer, before the service of the trustee process.

TRUSTEE PROCESS.   The trustee, who resided in Burlington, Vt., disclosed that previous to the 1st day of April, 1853, he had dealings with the principal defendant who then resided and had ever since resided in Boston, Mass.; that on said 1st of April, 1853, he forwarded from Burlington to the principal defendant a state-
ment of their accounts with his note for the balance due, being $536.50, dated at Burlington, and made payable, at the Commer-
cial Bank in Burlington, to the principal defendant or his order, four months from its date ; that long after he was summoned as trustee in this case, he received notice that the claimants owned it ; and that they had commenced a suit against him for its recovery. The claimants, W. J. Reynolds & Co., appeared and filed allega-
tions, setting forth the transfer of said note to them before its matu-
rity ; that they were citizens of Massachusetts, and that by the laws of that state, said note was not subject to attachment by trustee process or otherwise, and that no notice of said tranfer was necessary.   To these allegations the plaintiff demurred, and the county court, March term, 1854,—PECK, J. presiding,,—upon the

disclosure, allegations and demurrer, adjudged that the trustee was not chargeable for the amount due on said note. Exceptions by the plaintiff.

*Geo. F. Edmunds,* for the plaintiff.

The liability of the trustee must be decided by our laws alone, for the reason that the contract was made here and to be performed here.

The construction, the validity and the discharge of a contract are to be determined by the laws of the place of performance, and all the parties and privies to such a contract are bound to take notice of such laws, and they take and hold subject to these provisions. *Harrison* v. *Edwards,* 12 Vt. 648. *Pecks* v. *Mayo,* 14 Vt. 33. *Russell* v. *Buck,* 14 Vt. 147. *Baylies* v. *Houghton,* 15 Vt. 626. *Hull* v. *Blake,* 13 Mass. 153. *Thompson* v. *Ketcham,* 4 Johns. 285. Chitty on Bills 169, 171.

*Chase* v. *Haughton,* 16 Vt. 594 is identical with this case, except that there, the note had not been transferred; but as, by the laws of Massachusetts, a negotiable note is no more liable to this process before it is negotiated than it is after; under our law it would be equally liable, where there had been no transfer, as in *Chase* v. *Haughton,* or where there had been no notice thereof given, as in this case; for by a transfer without notice, it gains no further immunity under the Massachusetts law and no protection under ours.

The law of the place of the performance of a contract, and of the *situs* of property determines the right of all parties in reference to it. Citizenship has no effect, except as a preliminary or accessory to the question of where is the place of performance or *situs.* The place of performance may be expressly agreed upon by the parties, and in such case their residence does not affect it, or it is implied by law from the residence of the parties and the place of making; and the *situs* of personal property is the domicil of the owner. *Ward* v. *Morrison,* 25 Vt. 593 is put upon this ground.

The trustee will be put in no danger by being made chargeable here, for judgments of this character are respected everywhere. *Hull* v. *Blake,* 13 Mass. 153. *Embree* v. *Hanna,* 5 Johns, 101.

*Barrow* v. *West*, 23 Pick. 270. *Taylor* v *Phelps*, 1 Har. & Gil. 492. Besides, in this case, the holder of the note is a party to the suit.

*Phelps & Chittenden*, for the claimants.

I. The transfer of the note from the principal debtor to the claimant, under the circumstances stated in the case, vested in the claimants an absolute title, and no notice was necessary to protect the debt from the trustee process. *Grant* v. *Shaw*, 16 Mass. 341. *Cushman* v. *Haynes* 20 Pick. 132. Rev. Stat. Mass. chap 109, sec. 30.

II. The law of Vermont, requiring notice to the trustee in order to make the transfer available against attachment, does not affect the transaction, because the rights of the parties in this suit must be controlled by the *contract of transfer*, and that takes place in Massachusetts, between citizens of that state, and if valid there must be so everywhere. It is not reached by the Vermont statute which has no extra territorial force.

The fact that the trustee resides here is of no consequence. He is a mere stockholder, whose rights are not in question. He is not a party to the contract of transfer.

The case is identical in principle with that of *Ward* v. *Morrison*, 25 Vt. 593, and the doctrine of that case is sustained by numerous decisions. *Van Buskirk* v. *Hartford Ins. Co.*, 14 Conn. 583. *Daniels* v. *Willard*, 16 Pick. 36. *Burlock* v. *Taylor*, 16 Pick. 335. *Whipple* v. *Thayer*, 16 Pick. 25.

The case of *Chase et al.* v. *Haughton* 16 Vt. 594 does not reach the point. The question there was as to the right of a Massachusetts creditor to bring a trustee process here, against a Massachusetts debtor which could not lie there, by the laws of that state.

The opinion of the court was delivered by

ISHAM, J. The trustee acknowledges the execution of the note mentioned in his disclosure, and his indebtedness upon it, in the sum of three hundred dollars. The plaintiff claims the amount due thereon under this attachment. The claimants insist that the note belongs to them, as it was indorsed to them by the payee at Boston in Massachusetts, where they, as well as the payee and the

principal defendant, reside. It appears from the case that the note was executed in this state; that it was payable here at the Commercial Bank in Burlington, and that it was indorsed at Boston to the claimants before its maturity; but that no notice was given to the trustee, until after the service of this trustee process.

If this note is subject to the laws of this state, it is quite obvious that the plaintiff is entitled to a judgment against the trustee. The fact that no notice of the transfer was given to the trustee before the service of this process, subjects the claim to this attachment, the same as if no transfer had been made. The Comp. Stat. 262, § 45, and the decisions in this state on that subject, are express and specific to that effect. *Barney* v. *Douglas*, 19 Vt. 98. *Britton* v. *Preston*, 9 Vt. 257. *Chase* v. *Haughton*, 16 Vt. 594. *Ward & Co.* v. *Morrison*, 25 Vt. 593. By the laws of Massachusetts, where this note was endorsed, all negotiable notes are excepted from the operation of the trustee process, and no person can be adjudged trustee for having made or indorsed any negotiable bill, note, draft, or other security, Rev. Stat. of Mass. 647, § 30. If the rights of these parties are to be determined by the laws of that state, the note cannot be held by the plaintiff under this attachment. Whether this note is subject to, and the rights of these parties are to be determined by the law of this state, or that of Massachusetts, is the question arising in the case.

If this note had been executed in Massachusetts, though no place of payment had been specified in the note, yet as the payee resided there, it would have been subject to the laws of that state, and the maker could not have been charged as trustee of the payee in this state. *Baylies* v. *Haughton*, 15 Vt. 626. The rule would be the same, if the note had been made payable in that state, though executed in this state and by a person resident here. The same principle applies to debts not negotiable. They are treated as debts of the state where the creditor resides, and as subject to its laws. Such was the case of *Van Buskirk* v. *Hartford Ins. Co.* 14 Conn. 583. The debt in that case was contracted in New York, and the claimant having perfected his title to it, by an assignment valid under the laws of that state, it was held that the claim could not be attached by a trustee process in Connecticut, where the trustee resided. The case of *Ward & Co.* v. *Morrison*, 25 Vt. 593 is of the same

character. As a general rule "debts have no locality or *situs.*" 2 Kent's Com. 628, 570. Story's Conf. of Laws, 362, 383, 399. Yet, the doctrine is well established, that they so far follow the person of the owner, that they are payable where he resides, and are governed by the laws of that place. When the debts are transferred, the law of the transfer is the law of the place where the debts are payable. The liability of the maker, and the person to whom he is liable, whether the payee, indorsee, or creditor under an attachment by a trustee process, is to be determined by the laws of the state, which determines the obligation of the contract. This rule, we think, must determine the case under consideration.

This note was executed and made payable in this state. The parties, by making the note payable here, have by their express stipulation subjected the note and their rights under it, to the laws of this state. The trustee is indebted on the note, and is obligated to pay it to the payee, or his indorsee, provided it is not attached by some creditor of the payee before he has notice of the transfer. If it is so attached, he is bound by law to pay it to that creditor. That is as much a part of his obligation, as if it had been specified in the body of the note itself. The indorsement of the note, in the language of Justice Story, Confl. of Laws § 317, 344, " does not create a new contract between the maker " and the indorsee in the place of the indorsement. It is but a " substitution of the indorsee for the payee, *and transfers over the* " *old liability.*" This claimant when he took the note is presumed to have known, and is chargeable with the knowledge, that such was the character of· the claim, and of the maker's liability. The note is rendered negotiable, subject to that qualification. In whatever state or country the indorsee may prosecute the note, his title to it, as against the creditors of the payee whose claim rests on an attachment by this process, is to be determined by the laws of this state. In Chitty on Bills, 218, it is said, " that if a bill *or note* is " drawn *or transferred, or is payable in a foreign country,* it is " essential for the holder to be well informed of the laws of that " country relating to the transfer of bills." That information would not be essential, if the right of the indorsee to the note was to be determined by the laws of the place where the indorsement was

made ; but as it is to be perfected, and his claim held subject to the law of the place where the note was made and is payable, that information becomes essential, as he derives no title or claim to the note, but such as is given by the law of that place.

This doctrine has been recognized in Massachusetts. In the case of *Hull* v. *Blake* 13 Mass. 153, the defendant executed his notes at Augusta in Georgia. The maker and payee resided in that state. The notes being payable generally were treated as payable there. Before the maturity of the notes, they were attached in that state under the process of foreign attachment at the suit of one Fisk; and before that period also, they had been indorsed to the plaintiff at Providence in Rhode Island. In that case, the plaintiff, who stood in the same position as the claimant in this case, claimed the note as being an indorsee in a state where such notes are exempt from such attachments. The claim was resisted on the ground, that the creditor had pefected his claim to it under the law of the state where the notes were given and were made payable, and where by the laws of that state, the creditor had recovered his judgment. Ch. J. PARKER observed : " that the " notes were dated at Augusta in the state of Georgia; and that " the plaintiff when taking them as his property, must be presumed to " have known that they were made with reference to the laws of that " place ; and a law, providing that any creditor of the promisee " *may compel* the promisor to pay the debt to him notwithstanding " the evidence of its negotiable quality, would have the effect to " protect him from a second payment. Such a provision would be " contrary to the effect generally given to negotiable securities in " any mercantile country, but if the law be so, it must have its " operation upon the contract, wherever it may be sued ; because " the laws of the place where the contract is made, *necessarily make* " *a part of the contract*, and are understood as its governing prin- " ciple." No stress whatever was placed upon the fact, that a judgment had been recovered against the trustee, except that it afforded conclusive evidence that such was the law of Georgia, as applicable to the notes. The same doctrine was held by Kent Ch. J. in the case of *Embree et al.* v. *Hanna* 5 Johns, 101, and was recognized in this state in the case of *Baylies* v. *Haughton*, 15 Vt. 630. We think, therefore, that this claim can be held by the cred-

itor under this attachment, as against the claimant; and that the judgment of the county court must be reversed, and judgment rendered that the trustee is chargeable.

<hr>

