DAVID L. FULLER *v.* MILO D. PARMENTER, TRUSTEE AND CLAIMANT.

May Term, 1900.

Present : TAFT, C. J., ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

Opinion filed July 26, 1900.

*Assignment by heir of his expectancy—Notice to ancestor—Novus actus interveniens*—An agreement fairly made for a valuable and an adequate consideration, by which an heir assigns his expectancy in his ancestor's estate, if the ancestor has notice of the assignment and does not object, may be given life and vigor by some new act in furtherance of the original disposition done after the ancestor's death.

*Sufficient new act—Notice to administrator given by the assignee, with heir's consent*—Notice to the administrator of an ancestors's estate, given by the assignee with the consent of the heir, is a new act sufficient to give efficacy to an assignment by the heir of his interest in the ancestor's estate, made while the interest rested in expectancy.

*Consent of ancestor not requisite—Notice without objection sufficient*—It is not essential to the efficacy of the assignment that the ancestor should have assented. It is enough that he had notice and did not object.

*Findings based on proper evidence unaffected by reception of improper evidence*—In this case the question of error in the reception of certain evidence by the commissioner, was not considered, since the facts which such evidence tended to prove were found on other evidence to which no objection was urged.

DEBT ON JUDGMENT. Principal defendant defaulted. Heard as to the liability of the trustee and the contention of the claimant on commissioner's report, Washington County, September Term, 1899, *Watson*, J., presiding. Judgment was rendered discharging the trustee and in favor of the claimant. The plaintiff excepted.

The trustee was the administrator of the estate of Luther M. Parmenter, deceased. The defendant, Milo D. Parmenter, and the claimant, George W. Parmenter, were sons of Luther M· Parmenter.

*Edward H. Deavitt* for the plaintiff.

*Fred L. Laird* for the claimant.

ROWELL, J. The defendant, by an agreement fairly made and for a valuable and an adequate consideration, sold and assigned his expectancy in his father's estate to his brother, the claimant, of which his father had notice, and to which it does not appear that he objected. After the father's death, and after the trustee was appointed administrator of his estate and before the trustee process was served on him, the claimant notified the administrator of the assignment. The defendant's share of the estate has been ascertained to be $542, which the administrator holds in his hands to await the result of this suit; and the question is whether the plaintiff shall have it or the claimant. It is to be

noticed that the defendant is not trying to void the assignment, but has ratified it since his father's death by receiving from the claimant for cancellation, before this suit was commenced, one of the notes that it was given to pay.

Lord Bacon says that "the law doth not allow of grants except there be a foundation of an interest in the grantor; for the law that will not accept of grants of titles nor of things in action that are imperfect interests, much less will it allow a man to grant or incumber that which is no interest at all, but merely future. But of declarations precedent before any interest vested, the law doth allow, but with this difference, so that there be some new act or conveyance to give life and vigor to the declaration precedent." Bac. Max. Reg. 14. It is said in *Lunn* v. *Thornton*, 1 C. B., at page 386, that Lord Bacon takes the first part of this rule, namely, that a disposition of after-acquired property is altogether inoperative, as beyond question, and labors only to establish the second part, namely, that life and vigor may be given to the declaration by some act or conveyance after the property is acquired; that this evidently imports more than the mere acquisition of the property at a subsequent time, and points to some new act to be done by the grantor in furtherance of the original disposition. It is said in *Holroyd* v. *Marshall*, 10 H. L. 191, 216, that if after the property comes into existence the assignor delivers it to the assignee, or allows him to take possession of it, there would be the *novus actus interveniens* of the rule, and that the title would pass. A good illustration of such an act is afforded by *Peabody* v. *Landon*, 61 Vt. 318, in which said rule is recognized, and which holds that taking possession of after-acquired property by the mortgagee with the consent of the mortgagor, brought it within the operation of the mortgage as of the time of its execution, and protected it from the mortgagor's assignee in insolvency appointed in proceedings subsequently commenced.

In the case at bar the claimant could not take possession of the defendant's share of the estate, for the administrator had a right to hold it for the purpose of administration, and all he

could do was to give notice of his claim, which he did, and in the circumstances, it is taken that he did it with the consent of the defendant. This was a *novus actus interveniens* that gave life and vigor to the assignment as against the plaintiff, as it antedated his attachment; for under our law that notice stands in place of taking possession. *Ward & Co.* v. *Morrison & Tr.*, 25 Vt. 593, 600. We have always held that notice by the assignee to the debtor, of the assignment of a non-negotiable chose in action, perfects the title of the assignee against the assignor's subsequent attaching creditors.

It remains to consider whether the intestate's assent to the assignment is necessary to its validity, or whether it is enough that he had notice of it and did not object. It is contended that the claimant was not a competent witness to prove notice. But notice is also found on the testimony of the administrator alone, to whose competency no objection is made.

Some cases hold that the ancestor must not only have notice of the assignment, but must actually assent to it, because otherwise it would be a fraud upon him, and against public policy to enforce it. *Boynton* v. *Hubbard*, 7 Mass. 112, and *McClure* v. *Räben*, 133 Ind. 507, 36 Am. St. Rep. 588, are of this class. On the other hand it is held that notice, even, is not necessary, much less assent, if the contract is otherwise fit to be enforced. This question is considered in *Hale* v. *Hollon*, 90 Texas, 427, 59 Am. St. Rep. 819, in which the cases, English and American, are very fully discussed, and the conclusion reached that neither in England nor by the weight of authority in this country is assent necessary. In many of the cases in this country in which the contract was enforced, no mention is made of notice nor assent, while in others it is said that if the ancestor had notice and did not object, it is sufficient. This is said in *Curtis* v. *Curtis*, 40 Me. 24, 63 Am. Dec. 651, which adopts the language of Judge Story, who says that if the transaction has been fully made known to the ancestor and is not objected to by him, the extraordinary protection generally afforded by courts of equity in such

cases will be withdrawn. He goes on to say that it has been strongly said that it would be monstrous to treat the contract of a person of mature age as the acts of an infant, when his parent was aware of his proceedings and did not object to them. 1 Eq. Jur. sec. 339. This was said by Lord Chancellor Brougham in *King* v. *Hamlet*, 2 Mylne & Keene, 456, who also said that if all the cases be examined from the time of Lord Nottingham down, no trace will be found in any one of them of the father's or the ancestor's privity; but that on the contrary, wherever the subject is touched upon, his ignorance is always assumed as a part of the case; and that its being so seldom mentioned either way, shows clearly that their privity was never contemplated.

It would seem, therefore, that assent is not necessary, but that notice and not objecting is enough, if even that is required; and this is the reason of the thing, for with notice the ancestor can defeat the assignment if he will, and thus prevent the fraud upon him that the books talk about.

*Judgment affirmed.*