GEORGE LYMAN *v.* GEORGE L. TARBELL AND TRUSTEE, ASAPH T. TAFT.

*Supreme Court.   Trustee process.   Evidence.*

The supreme court in trustee suits, as well as in other actions at law, simply sits as a court of error in regard to matters of law, and not to settle facts.

The trustee had carried on business in his own name, in which the defendant
was really, but not ostensibly, equally interested with him; and the reason of
this concealment of the defendant's interest, was to prevent the creditors of
the defendant from securing their claims by attachment.  At the settlement
of their business the trustee executed to the defendant a note in payment for
his interest therein, which note was shortly afterwards transferred to another
person by the defendant, and notice. of the transfer given to the trustee
before the service of the trustee process upon him.  *Held*, that the burthen
of proof rested upon the trustee to show that this transfer was *bona fide*,
and upon a valuable consideration.

ASSUMPSIT.  The questions in this case related solely to the
liability of the trustee.  The case was referred to a commissioner
who found and reported the following facts :

From April, 1852 to February, 1854, the trustee carried on the
tin-ware and stove business, at White River Village, in his own
name, and ostensibly solely on his own account, but in fact the
defendant was equally interested with him in the business.  In
February, 1854, the trustee sold out the stock in his shop to Amos
Bixby, for which the latter gave him two notes, one for four hun-
dred and twenty dollars and eighty-nine cents, and one for three
hundred and seventy dollars and eighty-nine cents.

In December, 1854, the trustee and the defendant had a settle-
ment, and the former gave the latter his note for three hundred
dollars, payable to the defendant or bearer, on demand with inter-
est, which note was given for the defendant's interest in Bixby's
notes above described.  This note, within two days after its execu-
tion, was transferred by the defendant to one Jennings, and notice
thereof given to the trustee before the service of the trustee process
upon him.  No evidence was introduced before the commissioner
to show that Jennings paid any consideration for the assignment
of this note to him, and the commissioner found as a fact that the
notes given by Bixby were made payable to Taft alone, for the
purpose of preventing their attachment by the defendants' credi-
tors by means of the trustee process, and also that the three hun-
dred dollar note was transferred to Jennings for the same purpose,
and that in fact it remained the defendant's property.  And the
commissioner reported that the trustee was chargeable for the
amount of this note, unless the court should be of the opinion that
the defendants' interest therein was disposed of by its transfer to

Jennings, and the notice thereof to the trustee, before the commencement of this suit as above stated.

The commissioner further reported, that in May, 1855, the defendant was employed by the trustee at eight shillings per day; that the trustee was liable for the rent of the premises occupied by the defendant to the amount of eighteen dollars, which sum he had paid for him, and that since such payment he had not owed the defendant at any one time a greater sum that seven dollars, and the commissioner submitted to the court the question of the trustee's liability on this branch of the case.

The county court, at the May Term, 1856,—UNDERWOOD, J., presiding,—upon hearing the report, decided that the defendant's interest in the three hundred dollar note was not disposed of by the transfer to Jennings, and the notice thereof to the trustee, as stated in the report, and adjudged the trustee chargeable for the amount of that note, to which the trustee excepted.

*Washburn & Marsh* and *Tracy & Converse*, for the trustee.

There is no pretence that Taft *knew anything of a fraudulent arrangement between Tarbell and Jennings*, nor does the commissioner find that he did. Taft was the innocent maker of the note, and as such, was *notified in due form, by the assignee* of the note, that the note *had been negotiated* and was the property of Jennings, and that payment must be made to Jennings, and all this *before the commencing* of any trustee process whatever. *Newell* v. *Adams and trustee*, 1 D. Ch. 346; *Britton* v. *Preston, trustee*, 9 Vt. 257; *Hutchins* v. *Hanley et al.* 9 Vt. 295; *Hinsdill* v. *Safford et al.*, 11 Vt. 309; *Peck & Co.* v. *Walton and trus.*, 25 Vt. 33.

The act of 1853 did not contemplate that the finding of the commissioner should be conclusive of the rights of the parties, for it provides that the court, to which he returns his report, shall have before it all the evidence and disclosures. Why this? unless for purposes of revision of the finding of the commissioner, if the ends of justice require it.

*Rodney C. Lund*, for the plaintiff.

If Taft would avoid this process, he must show that the transfer of the note was not merely a formal one, but *bona fide*, and upon good consideration. *Giddings* v. *Coleman and trustee*, 12 N. H,

31

153; *Langley* v. *Berry and trustee,* 14 N. H. 82; *Enos* v. *Tuttle,* 3 Conn. 27.

The transfer was fraudulent, as found by the commissioner, and without consideration; it is therefore invalid, both in law and equity. *Mower* v. *Gill,* N. Ch. 63; 1 D. Ch. 49; and the notice from Jennings to the trustee amounts to nothing.

That the note was transferred from Tarbell to Jennings, without consideration, was a question of fact, and the finding of this fact by the commissioner and court below is conclusive, and can not be revised by this court.

Since the act of 1853, the finding of a commissioner is as conclusive of the fact, as the verdict of a jury or the decision of the court by whom such questions were previously tried.

The opinion of the court was delivered by

BENNETT, J.   The only question raised in the case is in regard to the liability of Taft, as trustee.   It need hardly be remarked, that this court, in trustee suits, as in others, simply sits as a court of errors, and not to settle facts.   They must all be settled in the court below, and it is only our business to settle the law upon the facts found below.

In the county court the trustee was made chargeable for the amount due on a note of three hundred dollars, dated the 12th day of December, 1854, payable on demand with interest.   This note was given by Taft to Tarbell, payable to him or bearer.   The case shows that this note was given to Tarbell upon a full and valuable consideration; that this note was transferred or placed in the hands of one Jennings, and paid to him in June, 1855, but it did not appear that Jennings paid any consideration for the note, and the commissioner found it was still the property of Tarbell, and that it was placed in the hands of Jennings to avoid the trustee process. It is stated in the case that the trustee disclosed that he was notified by Jennings one or two days before the trustee process was served upon him, that he (Jennings) held the note.

We apprehend, upon the facts found, Taft should be adjudged trustee for the note.   If he would avoid the trustee process, the burthen of proof is upon him, and he must show the transfer *bona fide* and *upon valuable consideration.*   This is fully shown in

the cases cited by the counsel. It is not enough to show a formal transfer. Taft was fully notified of the plaintiff's claim when served with the trustee process, and after this he paid the note to Jennings at his own peril. Besides, it seems Taft was willing to lend himself to aid Tarbell in keeping his effects out of the hands of his creditors.

The commissioner finds that the notes that were taken from Bixby by Taft for the property sold to him, which belonged to Taft and Tarbell together were taken to Taft to prevent Tarbell's creditors from trusteeing Bixby, and that the three hundred note was given by Taft to Tarbell to settle up Tarbell's claims on the Bixby notes.

In regard to the decision of the county court in not charging the trustee beyond the amount of the note the plaintiff did not except, and of course no question on that part of the case is before us.

The result is, the judgment against the principal debtor is affirmed, *pro forma*, without costs, and as to the trustee, it is affirmed with costs.