JUSTUS EDSON *v.* EDEN SPROUT, *defendant, and* SCHOOL DISTRICT No. 5, IN BROOKFIELD, *trustee.*

*Trustee Process.     Fraud.     Supreme Court.     Prudential Committee.*

If a commissioner appointed to report upon the liability of a trustee in a case where it is claimed there has been collusion between an agent of the trustee and the principal debtor to defraud the plaintiff, does not report any finding as to whether there has been such fraud or collusion, the Supreme Court are not at liberty to infer it from the facts reported.

Fraud, in such case, is a conclusion of fact, not of law, to be made by the commissioner upon the evidence.

In the absence of fraud, the plaintiff stands invested with the same rights against a trustee of the defendant that the defendant himself possesses, and no greater; and any payment which the trustee might rely upon in defence to a suit against him by the defendant, he may equally rely upon, in his discharge as trustee, against the plaintiff.

The prudential committee man of a school district is its general official agent, and the proper person to see that means are provided to pay the school teacher hired by him; and if, before the close of the school term and shortly before the service of trustee process on the district as trustee of the teacher, he, in good faith, pays the teacher his wages, although without the direction or knowledge of the district, and out of his own private funds, there being no funds in the district treasury at the time, the district may rely upon such payment as against the teacher, or in its discharge as his trustee.

TRUSTEE PROCESS.   This case came before the County Court upon the report of the commissioner appointed to take the disclosure of the trustee.   The commissioner found the following facts: that one Tracy, who was the prudential committee of the trustee, in the winter of 1855-6, as such committee, hired the defendant to teach school for the trustee for three months at one dollar a day; that the defendant taught the school and fully performed his contract; that on the 30th of January, 1856, before the school term had expired, and before the service of the writ upon the trustee in this suit, Tracy paid to the defendant fifty-seven dollars without any authority from the trustee so to do, unless he had such authority by virtue of his office; that he made this payment out of his own funds; that there was no money in the treasury of the trustee at the time of this payment, and that none of the

Edson *v.* Sprout & Trustee.

officers or members of the school district, trustee, knew of the payment at the time ; that, in the April following, Tracy gave to the school district a bond of indemnity against this suit (which had then been commenced) to induce the district to pay to him the sum he had paid to the defendant ; that upon the delivery of this bond the then prudential committee, Tracy's successor, paid over to him all the wages of the defendant, being the sum of sixty-six dollars, and thereupon Tracy paid to the defendant the balance of his wages, being about nine dollars. It appeared from the evidence accompanying, and made part of the report, that the payment to Tracy, by his successor in office, upon the giving of the bond of indemnity, was in accordance with a vote of the district to that effect. The commissioner found that, if upon these facts the school district was trustee of the defendant, it was such trustee for the sum of seventy-nine dollars, being the amount of the defendant's wages with interest to July 15, 1859.

The Country Court at the June Term. 1859, BARRETT, J., presiding, adjudged that the school district was not trustee of the defendant, and the plaintiff excepted.

*Wm. Hebard*, for the plaintiff.

*Peck & Colby*, for the trustee.

POLAND, J. In the absence of any finding by the commissioner that the payment by Tracy, the committee man, to the principal debtor, was fraudulent or collusive, we are not at liberty to infer it. Fraud is always to be proved, not inferred, and if the circumstances in reference to the payment reported by the commissioner afford any such inference, it is one of fact, not of law, evidence merely for the commissioner to weigh, and if they would warrant any conclusion of fraud or collusion between the principal debtor and Tracy, it was a conclusion of fact for the commissioner to make. Whatever effect such finding would have upon the legal rights of the parties, we cannot make it. Treating the payment as made in good faith, and for honest purposes, as we must, the plaintiff stands in the place of the principal debtor, and invested with the same rights against the trustee, that the principal debtor himself possessed, and no greater.

Edson *v.* Sprout & Trustee.

Had the principal debtor a valid claim against the district for an amount exceeding ten dollars? If the district could as against him, set up and rely upon the payment of fifty-seven dollars made by Tracy the committee, it is conceded he had not. The report finds that the fifty-seven dollars was paid by Tracy, and received by Sprout, as payment toward his wages as school teacher under his employment by Tracy for the district. But the plaintiff claims that it was paid by Tracy without any request or authority from the district, and therefore must be regarded as a mere voluntary payment by Tracy, and that he could not therefore have any claim upon the district for a repayment of the money so advanced by him. Admitting this to the full extent, it does not seem clear to us that such payment might not be set up by the district as a defence to any action which Sprout might afterwards bring against them for his wages. There is no evidence of any dissent or repudiation by the district of this payment made on their behalf, and ordinarily, the law presumes the assent of every party to an act done for his benefit or advantage, unless his dissent be shown. But we think the act of Tracy in making this payment cannot be regarded as the act of a mere stranger. He was the prudential committee, the general official agent of the district; he contracted for the district with Sprout to teach the school, and he was the proper officer to see that means were provided to pay him for his services. If he paid him for services not performed, or before his full service was ended, and Sprout abandoned his contract, without fulfillment, so as not to become entitled to payment, he might incur the hazard of losing what he paid, but if Sprout performed his contract so as to be entitled to his wages, Tracy would be entitled to be reimbursed what he paid him, though to made the payment in advance. The district, it seems, did recognize the payment and assent to it, and repaid the money to Tracy, and though they required him to indemnify them against the plaintiff's suit, it is none the less an adoption of the payment, as made on their behalf, and must have relation to the time of the payment itself.

The judgment is affirmed.