MARCUS WORDEN *v.* NOURSE, MASON & CO., JAMES BENT, ZENO CAMPBELL, WHEELER FRENCH AND HENRY H. DOOLITTLE, *Trustees,* MERCHANTS' BANK, *Claimant.*

*Trustee Process. Negotiable Paper. Notice of Transfer. Conflict of Laws.*

Where the M. Bank sent a note to the cashier of the B. Bank, at which it was payable, for collection, it was *held,* that the authority to collect would include the authority to give notice to the maker that the M. Bank owned the note.

But the notice merely to the maker by the cashier that the M. Bank had sent the note to him for collection, would not be notice that the note was the property of the M. Bank.

Where a person residing in this state gave to one residing in Massachusetts his negotiable promissory note, which was executed in this state, but specified no place of payment, but the debt for which the note was given was contracted here, and the dealing between the parties continued here until the suit was brought, it was *held,* that the *situs* of the debt was in this state.

A negotiable promissory note, executed and made payable in this state to a resident of another state, who negotiated it before maturity to another party in that state, is subject to, and may be held by the trustee process, if the trustee had no notice of the transfer before the suit was brought; even though by the laws of that state such paper is not subject to the operation of the trustee process; the rights of the trusteeing creditor and endorsee being determined by the laws of this state.

And the same rule will apply where the note does not specify the place of payment, if the *situs* of the debt is in this state.

TRUSTEE PROCESS. The disclosures of the several trustees and the other material facts are set forth in the opinion.

At the April Term, 1862, BARRETT, J., presiding, judgment was rendered against each trustee in favor of the plaintiff,—to which the claimant excepted.

*H. E. Stoughton*, for the claimant.

*C. K. Field*, for the plaintiff.

PECK, J.   The only question in this case is as to the liability of the trustees.   They are not sought to be charged jointly, but each if liable at all is liable in respect to a several indebtedness to the principal debtors.   The Merchants' Bank of Boston appear as claimant and the only question is whether the funds in the hands of the trustees are liable to attachment in this suit, or whether the claimant's title is paramount to the plaintiff's right under this attachment.

The demands upon which the questions arise consist of promissory notes executed by the trustees severally to the principal debtors.   It appears that before the service of the trustee process upon the trustees, the principal defendant had negotiated the notes to the Merchants' Bank of Boston for a valuable consideration in good faith.   The notes are negotiable and all payable in terms respectively at some particular place in this state, that is, at some bank named in this state, except the note given by Zeno Campbell, in which no place of payment is named.   The notes were given on time and negotiated to the claimant before maturity.   No notice was given to the trustees of the transfer of the notes till after the service of the writ upon the several trustees.   It is claimed however that the facts reported show sufficient notice to Doolittle, of the transfer of his note to the claimant before the service of this writ upon him.   It seems to be conceded, and so we take the fact to be, that the payees, the principal debtors, resided at the date of the notes, and still reside in Boston, Mass., and the makers in this state.   The notes were all executed in this state, although some of them were executed here and sent by mail to the payees at Boston, and the others were executed and delivered in this state to agents of the payees. As to the notice to Doolittle of the transfer of the notes, the facts are that just previous to June 18th, 1861, the day when Doolittle's note fell due, the claimant sent the note in the ordinary course of business to R. G. Cole the cashier of the Burlington

Bank at which it was made payable, for collection ; that on said
18th day of June, Cole informed Doolittle that the note had been
sent to that Bank by the Merchants' Bank of Boston for collec-
tion ; that Doolittle saw the note on that occasion at the Burling-
ton Bank ; that having been previously summoned as the trustee
of the defendants in another suit since discontinued, he informed
Cole that on that account he could not pay the note. Cole replied
that he should be obliged to protest the note if not paid that day.
Doolittle then requested Cole to inform the Merchants' Bank why
he could not pay the note. This was four days before the writ
in this case was served on Doolittle. We have no doubt that
Cole had sufficient authority to give notice to Doolittle that the
claimant owned the note. Such authority would be implied
from or included in the authority to demand and receive pay-
ment of the note ; but the notice by Cole to Doolittle that the
note had been sent there by the Merchants' Bank for collection,
was not notice that the note was the property of the Merchants'
Bank. Banks are so much in the practice of acting as the agents
of the holders of such paper in forwarding it for collection, that
something more than what transpired on that occasion was nec-
essary to constitute notice to Doolittle that the claimant was
the owner of the note.

It is insisted on the part of the claimant that by the laws of
Massachusetts negotiable paper of this character is not subject
to trustee process, and that the rights of the plaintiff and the
claimant must be determined by the laws of Massachusetts
where the payee and endorsee reside, and where the notes were
negotiated. We are referred to the statute of Massachusetts for
the law of that state. The regular practice is, where a party
relies on a foreign law, to prove it in the court below and have
it found as a fact in the case. But as this objection has not been
relied on, but the counsel have discussed the questions as if the
laws of Massachusetts were properly in the case, we so treat it.
Our statute provides that such paper is liable to attachment by
trustee process until notice of transfer is given to the maker.
Assuming the law to be in Massachusetts as the claimant's
counsel claim, the two laws are in conflict. If the law of Mas-

sachusetts is to govern the case, the trustees are not liable ; but if the law of this state controls it, the trustees are chargable. It is not necessary to go extensively into the question as to what law shall govern the contract as between the parties to the contract where one party resides in one jurisdiction and the other party in another. This is not a question what law shall govern as to the validity and construction of the contract as between the parties. The question is not what constitutes a complete and valid transfer of these notes as between the parties to the transfer, nor as between them and the maker of the notes. The question is one outside of that. The question is what constitutes a complete and valid transfer as to the creditors of the vendor so as to put the property beyond the reach of attachment by his creditors. Something more is often necessary for the purpose than what is necessary as between the parties. The sale of goods by our law may be complete as between the parties without an actual delivery or change of possession, yet as to the creditors of the vendor a change of possession is necessary to give validity to the transfer. It is analogous to a deed of real estate, which is complete and operative to convey the title as between the parties on execution and delivery, yet as to creditors of the vendor without notice it must be recorded. Yet in relation to creditors difficult questions often arise, where the laws of two jurisdictions conflict, as to which shall govern. These questions relate partly to the right and partly to the remedy. In relation to personal property of a tangible nature, the rule settled in this state is that if the property is situate in another jurisdiction where the vendor may make a sale valid against creditors, without a change of possession, and such sale is made there by citizens of that jurisdiction, it may be brought into this state and not be liable to attachment in the possession of the vendor as his property, the title having become complete in the jurisdiction where the sale was made and where the property was then situated. But if such sale is made in such foreign jurisdiction while the property is in this state, a change of possession is necessary to protect it from attachment by the vendor's creditors. If this were tangible property situated here at the time of the transfer, it would clearly be attachable

until notice of the transfer was given to the person having it in possession, or something done to change the possession.

But in case of choses in action, like promissory notes, the difficulty is in determining the *situs* of the property. But it is unnecessary to enter into any extended discussion of this question, because we think the decisions already made in this state settle the principles that must control this case. In *Emerson* v. *Partridge, Trustee of Johnson*, 27 Vt. 8, it appeared that the trustee who resided in Burlington, Vt., had dealings with the defendant residing in Boston, Mass., executed his note at Burlington and forwarded it to the defendant at Boston, Mass., payable at the Commercial Bank in Burlington to the defendant or order four months from date. Reynolds & Co., of Massachusetts appeared as claimants, and showed that the note was endorsed to them before maturity, and that by the laws of Massachusetts the note was not subject to attachment by trustee process or otherwise, and that no notice of such transfer was there necessary. The trustee had no notice of the transfer till after he was served with the trustee process. The court on full examination of the authorities decided that the trustee was chargeable. That case is in principle identical with the present. The facts in that case are so far identical with the present that no distinction can be made between them, that is, so far as relates to all these trustees except Campbell. That case is decisive of this whole case unless the fact that Campbell's note specifies no place of payment, leads to a different result as to him. It is insisted by the claimant's counsel that the case of *Baylies* v. *Houghton & Co., and Trustees*, 15 Vt. 626, is an authority to show that Campbell is not chargeable. In that case the trustees were citizens of this state, and the principal debtors citizens of Massachusetts. The notes were negotiable and executed and delivered to the principal debtor in Massachusetts, no place of payment being specified. The court held that the notes were not liable to trustee process in this state, it appearing that they were not attachable by the laws of Massachusetts. In that case the court place much stress on the fact that the notes were executed and delivered in Massachusetts, and from that fact mainly, hold that by intendment of law they were

payable there.   If we apply the same reasoning to this note of
Campbell, it would follow that the note having been executed
and delivered in this state, was by intendment of law payable
here, and if so, it is controlled by the case of *Emerson* v. *Par-
tridge and Trustee*, above referred to.   But the place of execution
alone ought not to be decisive ; it is to be considered in connec-
tion with other elements in determining the place of payment
which the parties had in contemplation, and which go to show
the *situs* of the debt.   In that case the creditor resided in Mas-
sachusetts, the notes were executed and delivered there, and it is
evident that the debt for which the notes were given was con-
tracted in Massachusetts.   Those three things combined, very
properly lead the court to the conclusion that the parties had in
contemplation the place of execution as the place of payment, and
that that was the *situs* of the debt.   In this case it is manifest
from the facts reported, that the debt for which this note was
given was contracted in this state.   Campbell had in his posses-
sion mowing machines of the principal debtors which he was
selling for them.   At the date of the note in question, Campbell,
at Sheldon in this state, settled with the agent of the principal
debtors and gave the note for the balance due them, still having
machines in his possession unsold, one of which he afterwards
sold, and the rest were attached in this suit.   Thus the debtor
resided here, the dealing took place here, the debt for which the
note was given was contracted here and the dealing still con-
tinued down to the service of the writ in this case.   Every pre-
sumption that can legitimately be drawn outside of the note itself
as to the place of payment contemplated by the parties, is in
favor of this being the place of payment.

In view of the principles adopted and the grounds of the
decision in both of the cases referred to, we think in the case of
Campbell as well as in the case of the other trustees, the *situs*
of the debt is here, and that our law must control in relation to
the remedy of creditors by trustee process.

Judgment of the county court affirmed.