DELIVERENCE WHEELER *v.* RUEL L. WINN, AND NORRIS L. STETSON, *Trustee.*

*Trustee Process.    Promissory Note.    Statute.    Notice.*

W. held a note against S., which he took to Massachusetts and transferred to P., a citizen of that state, to avoid the plaintiff's debt, and the object of the transfer was known to [P. P. then called on S. for payment, saying he had bought the note. S. was not prepared to pay it, but upon the request of P., in good faith, suspecting nothing wrong, took up the note by giving P. a new note running directly to P. The plaintiff now seeks to hold S. as the trustee of W. Since this suit was commenced P. sued S. upon the new note in Massachusetts, and S. settled the suit by paying the note and costs before the term had arrived to which the writ was returnable. *Held,* that no consideration having been paid in the transfer of the note by W. the indebtedness of S. to W. still existed as to the plaintiff, in another form, even after the new note was given in payment of the original note, and the debt was subject to attachment upon this trustee process.

If the trustee had paid to P. the original note instead of giving a new note, the result would have been otherwise.

Wheeler *v.* Winn and Tr.

Where such fraudulent purpose in the assignor and assignee is shown as appears in this case, the want of consideration and the existence of a trust in favor of the assignor, is to be presumed, if such facts are necessary to charge the trustee.

The payment of the new note after service of this writ on the trustee, and after notice of the fraudulent purpose of the transfer and of the plaintiff's claim in respect to its effect, will not protect the trustee from liability in this action.

As the transfer as between W. and P. was fictitious and fraudulent and void as against creditors, the case stands no different than it would if the original note had been taken nominally to P. to protect it from this attachment, or if he stood as the mere nominal indorsee of W., and the *situs* of the debt being here, a judgment rendered here against the trustee would be equally binding in a foreign country where no remedy by trustee process, or by foreign attachment, existed, as in a state or country whose laws are like our own.

The act of 1861, p. 18, providing for notice to claimant has not the effect to defeat the jurisdiction of the court because it appears before the commissioner that there has been a fictitious and fraudulent transfer of the debt to a person out of the local jurisdiction of the court, no notice having been given him.

The trustee was properly adjudged chargeable.

TRUSTEE PROCESS. The commissioner found the following facts : March 20th, 1861, Norris L. Stetson owed the defendant, Ruel L. Winn, the sum of $119.31 for which he gave him a negotiable promissory note, payable on demand with interest ; Winn then told Stetson that he should not want the money for a year and perhaps not then—and whenever he did want the money, he would give seasonable notice. On the next day Winn left the state and went in the first place to North Adams, Mass., where resided his two half brothers, Abiather W. Preston and Lorenzo Preston. At this time his credit was good, he having property to the amount of upwards of $1000., consisting chiefly of notes against responsible parties in Whitingham and vicinity ; his debts were inconsiderable with the exception of a note of $200., dated March 19th, 1860, payable March 19th, 1861, with interest, which he owed to. the plaintiff in this suit. A few days previous to this time, the plaintiff had informed Winn that he should want the money on the $200. note on the 1st of April, and Winn promised that it should be ready for him then. On his arrival at North Adams, Winn transferred to A. W. and Lorenzo Preston all his choses in action, and all his attachable property, with some trifling exceptions amounting to a few dollars in value. This transfer was made for the purpose of avoiding the debt of the plaintiff and to this purpose A. W. and Lorenzo Preston were privy. After the

transfer, Winn went to Missouri immediately, and A. W. and L. Preston came in a few days to Whitingham, called on Stetson, presented the note which he had given Winn and demanded payment, saying that Lorenzo had bought the note of Winn and paid him for it; Stetson was not prepared to pay the note, and they then asked him to take up the note to Winn and give Lorenzo a note of the same amount running directly to him, which was done. So far Mr. Stetson acted in good faith, suspecting nothing wrong, and having no reason for such suspicion. August 10th, 1861, this trustee process was served on Stetson, and he then, or soon after, and before the writ was served upon him, understood that the plaintiff claimed and would attempt to prove that the transfer of the note, given by him to Winn, to Lorenzo Preston, was merely colorable and without consideration, and that Winn was the beneficial owner of the substituted note given by him to Lorenzo Preston. In September Mr. Stetson being at Greenfield, Massachusetts, was sued on the note given by him to Lorenzo, by a writ returnable to the court in Berkshire county, Mass. On his return home Mr. Stetson consulted counsel, and following their advice in October following he settled the suit in Massachusetts by paying the note and the costs, to A. W. Preston, professing to act as attorney of Lorenzo Preston. It did not appear that the writ was ever entered in court, nor that the term had arrived to which it was returnable. Mr. Stetson consulted no counsel in Massachusetts and made no attempt to have the case there continued to await the determination of this trustee process. Mr. Stetson in making the payment above mentioned acted in good faith so far as this, that he was persuaded to believe and did believe that he could not resist the obtaining of a judgment against him in the suit in Massachusetts, and he therefore thought himself obliged to pay the note.

On these facts the commissioner adjudged Norris L. Stetson to be trustee of Ruel L. Winn for the sum of $130.03 being the amount of the note given by him to said Winn with interest thereon to September 23d, 1862.

The court at the September Term, 1862, BARRETT, J., presiding, rendered judgment on the report holding the trustee for the sum of $130.03,—to which the trustee excepted.

*H. E. Stoughton*, for the trustee.

*Chas. N. Davenport*, for the plaintiff.

The opinion of the court was delivered by

PECK, J. If the transfer of the note by Winn to the Prestons had been *bona fide* for a full consideration, it would have protected the trustee from liability, as he was notified of the transfer before the service of the writ upon him. But the commissioner finds that the transfer was made for the purpose of avoiding the plaintiff's demand, and that the Prestons were privy to the fradulent purpose. This renders the transfer void and leaves the trustee liable, unless something further appears to change the rights of the parties. Under this finding no consideration can be presumed to have been paid by the Prestons, and it must be intended that they held the note in trust for Winn.

But it appears that before the trustee was served with the writ in this case, Preston had presented the note for payment, and the trustee, not knowing, and having no reason to suspect, that the transfer was fraudulent or that there was anything wrong, took up the note executed by him to Winn, and gave his note therefor in the same amount, payable to Preston. This did not put the debt beyond the reach of this trustee process. The taking of the substituted note by Preston must be regarded as a part of the machinery to cover up and carry out the original fraudulent purpose of Winn and the Prestons. It left the debt, as to this creditor of Winn, the property of Winn, and subject to attachment upon this trustee process. If the trustee had paid to Preston the original note instead of giving a new note, the result would have been otherwise. It is insisted by the counsel of the trustee that the giving of the new note was a payment of the original note. This is true for some purposes as between the immediate parties to the transaction, but the same debt still existed in another form. Nominally a new creditor was substituted, but Winn was still the beneficial owner.

It is not stated by the commissioner in terms that no consideration was paid by the Prestons to Winn for the transfer, but it is found that "*the transfer was made for the purpose of avoiding the debt of the plaintiff, and to this purpose A. W. and L. Preston were privy.*" It is not necessary to decide whether in the absence of any proof of

fraud, upon a disclosure by a trustee that he has been notified that the debt has been assigned, it is necessary for him affirmatively to show the assignment made upon valuable consideration. When such fraudulent purpose in the assignor and assignee is shown as appears in this case, the want of consideration, and the existence of a trust in favor of the assignor, is to be presumed, if such facts are necessary to charge the trustee. To this extent *Lyman* v. *Tarbell and Trustee, Taft*, 30 Vt. 463, is an authority. *Hutchins* v. *Hawley & Peck, trustees of Goodnough*, 9 Vt. 295, is relied on to show that an assignment of a note, though fraudulent, puts the debt beyond the reach of trustee process. The court in that case assign four principal reasons for the decision. 1. The impropriety of trying the question of fraud without the intervention of a jury, there being then no provision for trying the liability of a trustee by jury. 2. The greater impropriety of compelling a trustee to disclose on oath his own fraud, and thereby to furnish evidence to convict him of a crime under the statute against fraudulent conveyances. 3. That when the assignment was made the note assigned was not subject to attachment by trustee process or otherwise; the statute then authorizing trustee process only in case of absent, absconding or concealed debtors, the debtor in that case not having absconded till after the transfer. 4. That it appeared that the assignee paid a full consideration for the note, and held it solely for himself and not in trust for the principal debtors. The reasons assigned for that decision have since been swept away by statute. Jury trial is provided; it is provided that the disclosure shall not be used against the trustee in any prosecution for crime or penalty; and the trustee process has been extended to cases of resident debtors, so that at the time this Winn note was transferred it was attachable by trustee process.

The statute also extends the trustee process to cases of fraudulent sales and transfers.

If this latter provision of the statute extends to sales and transfers of personal property and choses in action, made to defraud creditors of the assignor, where the assignee has paid a full consideration, and no indebtedness *to*, or trust *for*, the assignor exists on the part of the assignee, then *Hutchins* v. *Hawley & Peck, trustees of Goodnough*, ceases to be an authority for the principal point therein de-

cided. It clearly is not an authority for a case like this where no consideration is shown.

The next question is whether the payment of the new note to Preston by the trustee protects him from liability in this action. That payment was made after the service of this writ on the trustee, and after he had notice that the plaintiff claimed that the transfer by Winn to Preston was fraudulent as against Winn's creditors and that Winn was still the beneficial owner of the debt. Notwithstanding the trustee had been sued by Preston on the new note in Massachusetts after he had been served with the writ in this suit, still as the payment was made without asking a delay of that suit for the determination of this, and before the court in Massachusetts had an opportunity to act, the payment *prima facie* must be regarded as voluntary, and not compulsory. Had the suit Preston against the trustee been in this state, it is clear that such payment would have been at his peril. It must be so treated in this case. The burden is on the trustee to show that that suit was indefensible. The trustee is in no better condition for defence than if the suit in Massachusetts were still pending. But it is insisted in behalf of the trustee, that the trustee having, in ignorance of any fraud in the transfer to Preston, become liable to Preston by giving the new note, he was justified in making payment to Preston, and that he is protected by § 52, p. 263 C. S. But a liability to Preston in form merely, while Winn was still the real owner of the demand, does not come within the spirit and meaning of that provision.

The main question then is, whether as this debt was situated at the commencement of this suit, the courts of this state have jurisdiction to attach it and cause it to be appropriated to the payment of a debt due from Winn to his creditor here, so that upon general principles of comity and justice, a compulsory payment by the trustee under the judgment of this court, ought to be treated as operative by tribunals abroad, and more particularly by the courts of Massachusetts, in a suit there against the trustee for the same debt. If Preston stood simply as an endorsee, even as an innocent endorsee for a valuable consideration, there would be no doubt as to the jurisdiction of this court, and no doubt but that a payment under a judgment of this court would be a defence to a suit in Massachusetts,

either in the name of Winn or Preston, as the *situs* of the debt is here. Neither the fact that the transfer was made in Massachusetts to a citizen of that state, nor the fact that negotiable notes are not subject to trustee process by the laws of Massachusetts, makes any difference. The subject matter being within this jurisdiction, the validity and effect of the judgment, wherever pleaded in defence, would be determined by our law, and not by the law of the foreign *forum.* The judgment rendered here would be equally binding in a foreign country where no remedy by trustee process. or by foreign attachment existed as in a state or country whose laws were like our own. *McDaniel* v. *Hughes*, 3 East, 367 ; *Bank of North America* v. *McCall*, 4 Binn. 371 ; *Holmes* v. *Remsen*, 4 Johns. Ch. 460 ; *Embree & Collins* v. *Hanna*, 5 Johns. 101 ; *Holmes* v. *Remsen*, 20 Johns. 229 ; *Hull* v. *Blake*, 13 Mass. 153 ; *Chase et al.* v. *Haughton et al. and Trustee*, 16 Vt. 594 ; *Emerson* v. *Johnson and Trustee*, 27 Vt. 8 ; *Worden* v. *Nourse and Trustee*, 36 Vt. 756. As the trustee executed the note to Preston without notice of the fraudulent character of the transfer, he ought not to be held as trustee, if upon general established principles the execution of that note deprived this court of jurisdiction of the debt, so that a judgment against the trustee here would afford him no protection in the suit of Preston in Massachusetts. But Preston would stand no better in such suit than if the original note had been taken nominally to Preston to protect it from this attachment, nor than if he stood as the mere nominal endorsee of Winn. In such case the trustee would clearly be chargeable by our law, and the effect to be given to a judgment here against the trustee, in the courts of Massachusetts, would depend on our law, and not on the laws of Massachusetts, the note having been executed here where the maker resided. *Hull* v. *Blake*, 13 Mass., above cited, was an action against the maker of a negotiable note by an innocent endorsee for value, under an endorsement made at Providence, R. I. The note in suit was executed in the state of Georgia, but it did not appear that any place of payment was specified in the note. The court held that a judgment in Georgia against the maker as trustee of the payee, was a good defence, although the note was endorsed to the plaintiff before the trustee suit was. commenced. PARKER, Ch. J., in delivering the opinion of the court, says : "the

plaintiff must be considered as having purchased a security which was subject for its construction, and its legal qualities and character, to the law of Georgia; it being a well settled principle that the law of the place where a contract is made is to govern in its construction, and that by the law of the same place it may be avoided and defeated." Again, in speaking of the law of Georgia, he says: " if the law be so, it must have its operation upon the contract wherever it may be sued; because the laws of the place where the contract is made, necessarily make a part of the contract, and are understood as its governing principle." That case is decisive against the objection that the trustee would be liable in Massachusetts notwithstanding he pays the debt under a judgment in this suit; unless the fact of Preston taking a new note payable to himself, makes a difference. That would be so, and protect the trustee from liability in this action, if the transfer as between Winn and Preston was *bona fide* and on good consideration, but not so when fictitious and fraudulent and void as against creditors, Preston holding the note in trust for Winn. We cannot presume that a court in Massachusetts would sanction such a fraud, and allow Preston and Winn to reap the intended fruits of it. *Williams* v. *Marston & Tr.*, 3 Pick. 65; *Wood* v. *Bodwell & Tr.*, 12 Pick. 268; *Bernard* v. *Graves & Tr.*, 16 Pick. 41, cited by the counsel of the trustee, fall far short of deciding that that court will allow a trustee suit to be defeated by a fictitious transfer of a debt to a third person for the purpose of defrauding creditors.

But it may be said that Preston, not being a party to this suit, would not be concluded by the judgment from showing in a suit on the note given to him, that the transfer of the original note was *bona fide* and upon full consideration. We cannot act on a presumption that any different state of facts would appear in a suit by Preston than what are shown in this case. If the trustee wished to avoid the risk of being compelled to pay the debt twice, he had the opportunity to contest the suit in Massachusetts. If he had done so, and shown the pendency of this suit, and the fraudulent character of the transfer, and asked for a delay of that suit till this was determined, and had failed, and been compelled by a judgment of the Massachusetts court to pay the debt to Preston, it might perhaps have been a defence to this suit. In *Embree & Collins* v. *Hanna*, 5 Johns., above

cited, it was held that the pendency of a trustee suit in Maryland, operated to abate a suit in New York in favor of the principal debtor in the trustee suit, against the trustee.    Probably this suit would not have abated the suit Preston commenced in Massachusetts, because the parties were not the same ; but it would have been a good cause for continuing that suit till a final judgment in this, when the judgment, or judgment and satisfiaction of it, could have been successfully pleaded in bar of that suit.    The trustee might thus have avoided a double payment of the debt.

Although the payment by the trustee to Preston after the commencement of this suit, was in good faith, still the trustee paid at his peril ; especially as he knew this plaintiff claimed that Winn was the real beneficial owner of the note executed to Preston.    Hard as it may be for the trustee, we must decide as if no such payment had been made.

It is insisted that under the act of 1861, (Acts of 1861, p. 18,) the trustee in this case cannot be adjudged chargeable, because Preston was not notified.    That act giving a claimant the same right to apply to the court for the appointment of a commissioner that the plaintiff or trustee has, and requiring the commissioner to "hear and report upon the claim of any claimant *in the cause,* and to that end notify such claimant of the time and place of such hearing," refers only to claimants who have entered *in the cause* as claimants, according to the previous statutes giving that right.    It has not the effect to defeat the jurisdiction of the court because it appears before the commissioner that there has been a fictitious and fraudulent transfer of the debt to a person out of the local jurisdiction of the court.    In this case probably a notice to Preston after the trustee had paid the debt to him, would have been of no practical importance, even if such notice could have been given.

The trustee was properly adjudged chargeable, and that judgment is affirmed.