## GEORGE DENO v. HARRY ·THOMAS.

*Trustee process impounds goods in hands of trustee. Liability of defendant for removing same. Damages. Judgment by default.*

1. The service of trustee process impounds in the hands of the trustee, to await the determination of the suit, the property of the defendant subject to trustee process which is then lawfully in the possession of the trustee.

2. If the defendant takes such property from the possession of the trustee he is liable in nominal damages at least.

3. And he is liable in actual damages to the amount of a judgment obtained against and paid by the trustee in the trustee suit, not exceeding the value of the property.

4.· Nor is it material that the trustee suffers this judgment by default, provided he would have been held chargeable had he appeared and disclosed.

Trover for the conversion of a horse. Plea, the general issue. Trial by jury at the September term, 1891, Ross, Ch. J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

The case appears in the opinion.

*J. A. Brown* and *Seneca Haselton*, for the defendant.

The plaintiff having been defaulted in the trustee suit, was never adjudged liable in respect of this horse. The judgment against him was a money judgment. Hence the incohate lien created by the service of the trustee process was never perfected and the plaintiff cannot have the benefit of it. R. L. s. 1111 ; *Bartlett* v. *Wood,* 32 Vt. 372 ; *Wilder* v. *Weatherhead,* 32 Vt. 765 ; *Holmes* v. *Clark,* 46 Vt. 22 ; *Parker* v. *Wilson,* 61 Vt. 116.

*H. F. Wolcott* and *A. V. Spaulding*, for the plaintiff.

The opinion of the court was delivered by

TAFT, J.   The plaintiff had the defendant's horse on trial, under a supposed contract of purchase.   Before the time of trial expired, the plaintiff was summoned as trustee in a suit against the defendant, brought by one Blodgett.   At the expiration of the time of trial the defendant, against the protest of the plaintiff, took the horse away, a controversy having arisen between them as to the terms of the contract, the plaintiff claiming the price agreed upon was fifty dollars, the defendant that it was sixty.   The defendant knew of the trustee suit at the time he took the horse, and that the plaintiff objected to his taking it for that reason.   The defendant had no right, at the time, to take the horse, as it was lawfully impounded in the plaintiff's hands to await the termination of the trustee suit, and is liable for nominal damages in any event, as the legal right of the plaintiff was invaded.   Is he liable for the value of the animal?   The jury found that the plaintiff did not purchase the horse.   In the trustee suit the defendant and the plaintiff, as his trustee, were defaulted and the plaintiff adjudged liable as trustee in the amount of the judgment, fifty-three and 1-100 dollars, which he paid.   The jury found the latter sum to have been the value of the horse.   The defendant does not contend but that if the plaintiff had appeared in the trustee suit, and disclosed that, at the time of the service of the trustee writ, he had the horse in his possession, he would have been adjudged chargeable in respect of the specific property, under R. L. s. 1111, and then we think it must be conceded that the defendant would be liable in this suit for the value of the horse.   Had the plaintiff been held under said section, it would have been his duty, under R. L. s 1119, to deliver the horse to the officer holding the execution, that it might be sold thereon, and by so doing relieve himself from liability in the trustee suit.   But the act of the defendant in taking the horse from the plaintiff had made it impossible for the latter to

deliver the horse' to the officer and this lawless and illegal act worked a substantial injury to the plaintiff by depriving him of the power of complying with the statute which required him to deliver the horse to the officer. As between these parties the law did not require the plaintiff to do an act which had been rendered futile by the conduct of the defendant. The rights of third parties are not in question, and as against this defendant, we think the plaintiff could elect either to disclose or be defaulted. The case is analogus in principal to that of King who sued Ham in trover for a promissory note. After the maker, who could and would have paid, had King had the note, became insolvent, Ham offered to return it, but the court in (*King* v. *Ham*) 6 Allen 298, held the defendant liable for its value at the time of the conversion, and rightly so, as Ham had by his wrongful act prevented King from collecting it. So in this case, the direct result of the defendant's act was an injury to the plaintiff in that it prevented him from delivering the horse to the officer holding the execution. A disclosure in the case was useless. Lumpkin, J., in 26 Ga. 30, says, "After all where lies the justice of the case? I always dig deep for that, and when found, nothing but imperious legal necessity can prevent me from enforcing it." In this case deep digging is not required to discover that it is just to compel the defendant to pay his own debt and not saddle it upon the plaintiff, and we know of no legal rule that stands in the way of enforcing such even-handed justice. The charge of the court was correct and the

*Judgment affirmed.*

Rowell, J., dissents, and would hold the plaintiff entitled to nominal damages only.