BENJAMIN DOW *vs.* C. E. TAYLOR, MONTPELIER & WELLS RIVER RAILROAD, tr., and R. E. HENDERSON, clt.

January Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON and WATSON, JJ.

Opinion filed May 31, 1899.

*Trustee Process—Validity of Assignment—V.S. 4965,4966.*—The defendant gave the claimant an order on the trustee for the defendant's wages due and to become due, in consideration of an old debt of twelve dollars, and the further loan of twenty dollars, and "for the purpose, among other things, of preventing other creditors trusteeing, and to enable the claimant to take out of the monthly pay such sum as the debtor might see fit to let him take." *Held,* that to the extent of the indebtedness the contract was on a legal consideration, but, beyond that, was in contravention of the statute against fraudulent conveyances—V. S. 4965, 4966—and being thus based upon a consideration illegal in part, the whole contract was void.

*V. S. 1370.*—The plaintiff had a right to cross examine the claimant fully as to the consideration upon which the assignment was made.

*Paying under Order after Service of Trustee Process.*—Although the trustee had no information but that the order was what it purported to be, it was not justified in honoring it after the service of the trustee process, for that was notice that the ownership of the funds was in question.

TRUSTEE PROCESS. Heard upon commissioner's report and exceptions thereto, at the June term, 1898, Orange

county, *Start*, J., presiding. Trustee adjudged liable. The trustee and claimant excepted.

The order directed the payment to the claimant of all the defendant's wages then due and afterward to become due while in the employ of the trustee.

In the course of the examination of the claimant, counsel for the plaintiff, under exception, propounded various questions touching the nature of the consideration for the assignment and the intention of the parties in respect thereto, upon the answers to which the finding of the commissioner, quoted in the opinion, was based.

*J. P. Lamson* for the trustee.

*Smith & Sloane* for the plaintiff.

WATSON, J. The plaintiff contended before the commissioner that the order was given by the defendant to the claimant in fraud of creditors and, therefore, as against attaching creditors by trustee process, invalid. As bearing upon this question, the cross-examination of the claimant by the plaintiff's counsel, was proper. The claimant, by procuring the trustee's acceptance of the order and lodging the same in its office, notified the trustee of the assignment of the demand due from it, here sought to be held by the claimant. The validity of that assignment was brought in question by the plaintiff, and, under the provisions of § 1370, V. S., he had a right thus to examine the claimant concerning the consideration upon which the assignment was made.

At the time the order was given, the defendant was owing the claimant about twelve dollars for money previously borrowed, and wanted to borrow more money, and the claimant demanded security, whereupon the order was given and the claimant let the defendant have twenty dollars more. Thereafter the claimant drew all of defendant's pay from the trustee and therefrom let the defendant have what money he wanted, from time to time,

and kept the rest himself. The amount in the hands of the trustee, at the time of the service of the trustee process upon it, was thirty-three dollars and twenty-two cents, but whether it was enough to pay the claimant in full did not appear. The trustee subsequently paid this money to the claimant. The claimant drew defendant's pay from the trustee five times on the order, and in all, over two hundred dollars.

The commissioner has found "that the order was given for the purpose, among other things, of preventing other creditors trusteeing, and to enable the claimant to take out of the monthly pay such sum as the debtor saw fit to let him take." To the extent of the debt honestly due and owing from the defendant to the claimant, the contract of assignment was made on a valuable and legal consideration, but beyond that, as appears by the above finding, the consideration was in contravention of the statute against fraudulent conveyances—§§ 4965, 4966, V. S.—and illegal; and the contract being made in part on an illegal consideration, the whole contract is void. Chit. on Con. 730; *Woodruff* v. *Hinman*, 11 Vt. 592; *Shelley* v. *Boothe*, 73 Mo. 74: 39 Am. Rep. 481; *Roberts* v. *Barnes*, 127 Mo. 405: 48 Am. St. Rep. 640; *Baldwin* v. *Short*, 125 N. Y. 553.

The trustee had no information but that the order was what it purported to be on its face, but this was no legal excuse for paying over the funds, in its hands, to the claimant, after service of the trustee process upon it. The service of that process was a sufficient notice that the ownership of those funds was in question, and for its own protection, it should have awaited the judgment of the court thereon, before paying the funds to any one. Not so to do, was to act at its peril. *Wheeler* v. *Winn and Trustee*, 38 Vt. 122. The case is clearly within the provisions of § 1370, V. S. and

　　　　　　　　　*Judgment must be affirmed.*