HAMILTON S. PECK *v.* E. T. MONAHAN AND TRUSTEE.

October Term, 1913.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed January 17, 1914.

*Trustee Process—Service of Writ—Effect—Duty of Trustee to Disclose—Payment by Trustee—Effect.*

Where service of trustee process is made on the trustee, any fund in his hands to the credit of the principal defendant is impounded pending the determination of the suit and final order of the court, to be paid over only by the compulsive force of a final judgment.

When service of trustee process is made on the trustee he is bound to make full disclosure of the facts and thus force plaintiff to raise an issue and either establish the liability of the trustee or submit to his discharge.

Where a trustee served with trustee process did not retain possession of the fund until plaintiff could contest the validity of certain orders given by the principal defendant transferring the fund, but accepted those orders and paid over the fund, such payments were *prima facie* voluntary, and the trustee had the burden of showing their validity as against plaintiff.

BOOK ACCOUNT, Chittenden County, March Term, 1913. *Waterman,* J., presiding.

The action is against E. T. Monahan and the Winooski Savings Bank, trustee. The writ was dated August 22, 1903, and was served on the bank on August 25, 1903. Judgment by default was rendered against E. T. Monahan. The bank filed a disclosure denying its liability as trustee, and that issue was tried by the court on an agreed statement.

The agreed statement shows that on February 28, 1900, J. J. Monahan caused to be served a writ in his favor against E. T. Monahan and the Winooski Savings Bank as trustee, which writ was returnable to the Chittenden County Court, and duly and

seasonably entered therein; that when the writ was served on the bank, E. T. Monahan had $193.93 on deposit therein in his own name, and evidenced by deposit book No. 6685; that on October 9, 1900, E. T. Monahan, owing Charles E. Pease & Company $28, borrowed from the Home Savings Bank $75 and secured the payment of those two debts by assigning and delivering to those two creditors said bank deposit book as collateral security; that on April 25, 1903, E. T. Monahan signed and delivered to the Fidelity and Deposit Company of Maryland a written order directing the Winooski Savings Bank to pay said Fidelity and Deposit Company "the principal and interest due on my account, now represented upon my bank book No. 6685, upon the discharge of the Winooski Savings Bank, by order of court as trustee at law in the suit now pending in Chittenden County Court, in which J. J. Monahan is plaintiff and I, Edward T. Monahan, am defendant, and the said Winooski Savings Bank is summoned as trustee, and the payment of a note of $75 and interest due the Home Savings Bank and about $28 due Charles E. Pease and Company, for which my bank book is held as collateral security"; that on April 29, 1903, the Winooski Savings Bank by due course of mail received from said Fidelity and Deposit Company due notice of said order; that on August 25, 1905, Claude L. Allen presented to the Winooski Savings Bank said written order with an assignment thereof to him duly indorsed thereon and signed by said Fidelity and Deposit Company; that on August 25, 1905, but after the service of the writ in this case, the said Home Savings Bank, said Charles E. Pease and Company, and said Claude L. Allen presented to the Winooski Savings Bank their respective claims upon said deposit and demanded the same, "whereupon this trustee in good faith paid" them "their several claims covering the whole amount of said deposit," which then amounted to $241.69; that this plaintiff on August 25, 1903, on June 24, 1904, and on August 25, 1905, caused to be served a writ in his favor against said E. T. Monahan and the Winooski Savings Bank as trustee, which three writs were returnable to the Chittenden County Court, and duly entered therein where those suits are still pending, the last served being the writ in this case. The court

adjudged the Winooski Savings Bank not chargeable as trustee and discharged it with costs. Plaintiff excepted.

*Hamilton S. Peck pro se.*

*O. P. Ray* for the trustee.

POWERS, C. J. When this writ was served on the Winooski Savings Bank, the fund in question was impounded to await the determination of the suit and the final order of the court. *Deno* v. *Thomas,* 64 Vt. 358. The bank became a mere stake-holder, charged with the duty of holding the fund, to be paid over only under the "compulsive force of final judgment." *Wilder* v. *Weatherhead,* 32 Vt. 765. It was required by law to make full disclosure of the facts, and thus compel the plaintiff to raise an issue and establish its liability or submit to its discharge. For, had the bank complied with this requirement, it would have appealed, *prima facie,* that the deposit in question belonged to the Fidelity and Deposit Company. In such circumstances, fraud in the transfer would not be presumed, but would have to be proved. *Edson* v. *Sprout,* 33 Vt. 77.

But the bank did not take this course. Instead, it paid over the fund on the orders, which had been given and of which it had notice before the service of the writ herein, without waiting for the plaintiff to contest their validity, if he so desired, under P. S. 1725. It made these payments at its peril. The result is not an absolute liability to the plaintiff for the amount so paid, but such payments were *prima facie* voluntary, and the bank takes the burden of showing the validity of the orders. *Lyman* v. *Tarbell,* 30 Vt. 463; *Wheeler* v. *Winn,* 38 Vt. 122; *Dow* v. *Taylor,* 71 Vt. 337. In the case first cited, the note in question was transferred and notice given before service of the trustee writ; after such service, the trustee paid the note to the assignee. The commissioner found that the transfer was fraudulent and that the note remained the property of the defendant. The court said that the burden was on the trustee to show that the transfer was *bona fide* and upon a valuable consideration. Should it be suggested that this was unnecessary to a proper decision of the case before the court, the reply would be that the point was briefed and considered and therefore the dictum is

authoritative.  *Hall* v. *Hall's Est.*, 84 Vt. 259.  So the case is in point here, though this transfer is not shown to be fraudulent.

In *Wheeler* v. *Winn*, not only had the note been assigned and notice given before service of the trustee writ, but the trustee had given a new note running to the assignee.  After such service, suit was brought in Massachusetts on this new note, and the trustee paid it.  The court said that in these circumstances, the burden was on the trustee to show that there was no defence to the Massachusetts suit.  Here, again, there was. a finding of fraud, but what was said about the burden was apparently deliberate.

To the same effect is *Stevens* v. *Dillman*, 86 Ill. 233.

In such cases, the good faith of the trustee affords no protection, for the service of the process upon him is sufficient notice that the ownership of the funds is in question, and that for his own protection he must await judgment before paying. *Dow* v. *Taylor*, *supra*.

The agreed statement of facts before us does not show that there was any consideration for the order given to the Fidelity and Deposit Company, and, the burden being on the bank, it must be held that its payment affords no protection against this suit.

The plaintiff does not question the other orders and we give them no attention.

*Judgment as to the Winooski Savings Bank reversed, and judgment that it is chargeable as trustee for the sum of $113.18 and interest thereon from August 25, 1905.*